241 F.2d 865
 Helen N. FLEMING, William J. Newman, Jr., Margaret N. Walsh,
Richard P. Newman, Josephine N. Krug, Adelaide Loiacano, and
William McKavis, a minor, by Helen N. Fleming, his next
friend, Plaintiffs-Appellees,
v.
LAKE DELTON DEVELOPMENT COMPANY, a Wisconsin Corporation,
Ralph M. Hines, James H. Hill, Sr., Hilmer C. Amundson and
Henry C. Titus, Defendants- Appellees, and James H. Hill,
Jr., Millie M. Risley, Frances Hines and A. B. Batty,
Impleaded Defendants-Appellees.
Appeal of E. R. BORGMEIER, Respondent-Appellant.
 No. 11873.
 United States Court of Appeals Seventh Circuit.
 Feb. 26, 1957.
Rehearing Denied March 27, 1957.
 
 Eleanor Ruth Borgmeier, Lemont, Ill., for appellant.
 John J. Walsh, Frank M. Coyne, Madison, Wis., Arthur Wickham, Milwaukee, Wis., Ray M. Stroud, Madison, Wis., and Erma C. Miller, Baraboo, Wis., for defendants-appellees.
 Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 Since the questions presented in this appeal involve facts many of which were related in our earlier decision in Borgmeier v. Stone, 7 Cir., 233 F.2d 818, we shall attempt to avoid unnecessary repetition. However, that opinion held merely that, after this appeal had been taken, the district court was without jurisdiction to enter further orders in the cause.
 
 
 2
 In this appeal appellant, a resident of Illinois, seeks to set aside an order entered November 17, 1955, wherein the district court in Wisconsin disposed of her claim for an attorney's lien upon $32,500 deposited as a result of settlement of the litigation, with the clerk of the court. She had been attorney for plaintiffs, but, by order of court, had withdrawn her appearance and was no longer counsel of record. However, she had served notice of a lien, as former attorney for plaintiffs, for $95,000, upon defendants. She had taken no action in court to prosecute or perfect her claim of lien upon the fund. In this situation the court directed that notice be given to her by registered mail to show cause why she should not appear and prosecute her claim for lien. This registered letter was returned by the postal service unopened, as a result of inability to find her at her last known address, or to deliver the letter personally. Thereupon the court held that it had jurisdiction of appellant by virtue of these facts, and, on November 17, 1955, directed that $20,000 of the fund be released and delivered by the clerk to plaintiffs, appellant's former clients, without regard to the latter's claim of lien. From that order this appeal was taken.
 
 
 3
 It is clear that the court had no jurisdiction of the person of appellant, even though the fund was in its custody. She might have been served, as provided by the Rules of Federal Procedure, as an attorney, prior to her withdrawal as counsel for the plaintiffs, but, after that, she could no longer be reached by such notice. Consequently, the question is presented as to whether the court acquired jurisdiction of her or her rights by virtue of the returned registered mail notice.
 
 
 4
 When appellant notified defendants of her claim for lien, she might have filed it as an interpleader in the cause. This she did not do. The defendants, having been served with notice of lien, could only at their peril dispose of the fund upon which they had been notified she claimed a lien. They might have brought her in as a party claiming an interest in the fund with proper service; and plaintiffs likewise might have made her a party and had her served as one interested. Furthermore, defendants might have filed a suit of interpleader against both plaintiffs and appellant, as a stake holder of the fund, requesting the court to determine the rights and interests of all parties. This they did not do. Again, plaintiffs might have invoked the provisions of 28 U.S.C. § 1655, which provides that a suitor may file in the district court a suit to establish a lien upon, or to remove clouds from, the title to property within the district and that the court, having jurisdiction of the res may acquire jurisdiction by giving notice to a non-resident for the purpose of determining such interest, if any he has, in the res. To obtain jurisdiction in such matters, it is necessary that the court have jurisdiction of the res and that notice be given to non-resident claimants in the specific manner and form there provided. However, there was no attempt by plaintiffs, defendants or appellant to invoke any of these remedies or follow any of these procedures. Instead, the court ordered a notice sent to her in a manner not provided by statute or rules, and, by an order of which she was not notified, freed $20,000 of the fund from her claim of lien and ordered it paid to plaintiffs. This, we think, was beyond the court's jurisdiction. In view of the further fact that appellant had never filed any petition for relief in court, her alleged interest in the fund was in nowise before the court; as a consequence, the order is void. No court may properly subject a person to its jurisdiction by merely notifying him by an undelivered letter directing him to come to court, in the absence of statutory basis for such procedure.
 
 
 5
 However, it appears that, subsequent to the entry of the order of which complaint is made, on December 21, 1955, plaintiff filed with the clerk of the district court her claim for lien upon the fund. Of course, the jurisdiction of the court based thereon must date from the day of the filing and not from something that happened before she became a party.
 
 
 6
 Inasmuch as appellant has now sought the aid of the court, and as the court has acquired jurisdiction both of the subject matter and of her person, it now has full authority to entertain and adjudicate her claim. Whether issues have been drawn by way of answer or otherwise, we do not know, but, obviously, the court will afford all interested parties opportunity to contest the legality of her claim.
 
 
 7
 We do not pass upon the validity of the claim. As the merits have never been presented, they are beyond the purview of this disposition.
 
 
 8
 The order of November 17, 1955, from which the appeal is taken, is declared void and vacated and the cause remanded to the district court with directions to proceed to determine the merits of appellant's claim for lien after the issues pertaining thereto have been properly joined.