267 F.2d 254
 Helen N. FLEMING, William J. Newman, Jr., Margaret N. Walsh, Richard P. Newman, Josephine N. Krug, Adelaide Loiacano, and William McKavis, a minor, by Helen N. Fleming, his next friend, Plaintiffs-Appellees,
v.
LAKE DELTON DEVELOPMENT COMPANY, a Wisconsin corporation, Ralph M. Hines, James H. Hill, Sr., Hilmer C. Amundson and Henry C. Titus, Defendants-Appellees, and
James H. Hill, Jr., Millie M. Risley, Frances Hines and A. B. Batty, Impleaded Defendants-Appellees.
On appeal of E. R. BORGMEIER, Respondent-Appellant.
 No. 12504.
 United States Court of Appeals Seventh Circuit.
 May 27, 1959.
 
 William C. Jerome, Chicago, Ill., E. R. Borgmeier, Washington, D. C., for appellant.
 Arthur Wickham, Milwaukee, Wis., C. A. Caplow, Harold L. Priess, Chicago, Ill., Frank M. Coyne, Madison, Wis. (Erma C. Miller, Baraboo, Wis., on the brief), for defendants-appellees.
 Before DUFFY, Chief Judge, and MAJOR and KNOCH, Circuit Judges.
 DUFFY, Chief Judge.
 
 
 1
 During October, 1952, appellant Borgmeier, who is an attorney at law, was employed by plaintiffs under an oral agreement to prosecute an action against defendants concerning certain real estate in Sauk County, Wisconsin. The terms of the agreement were that appellant was to receive a contingent fee of 50% of any recovery. In May, 1953, she filed suit for plaintiffs against the defendants in the District Court of the United States for the Western District of Wisconsin. A constructive trust in plaintiffs' favor was claimed.
 
 
 2
 On July 30, 1954, defendants filed a motion for summary judgment demanding a dismissal of the cause upon the merits. Appellant did not file any answer or reply to said motion, nor did she file a brief or affidavits in opposition. In spite of the fact that plaintiff, Helen Fleming, had theretofore advanced considerable funds for expenses, appellant Borgmeier demanded $6,000.00 additional for expenses, threatening to withdraw from the prosecution of the action if such sum were not paid. On November 3, 1955, with the consent of the Court, she withdrew as attorney for plaintiffs.[1] The Court directed Frank M. Coyne, Esquire, who was local counsel of record, to advise the plaintiffs that to avoid a default they should file an answer, brief and affidavits, and ordered such papers and pleadings to be filed by November 24, 1954.
 
 
 3
 Plaintiffs attempted to prevail upon appellant to reconsider her withdrawal as attorney for plaintiffs, and asked her to prepare the necessary papers and pleadings to oppose the motion for summary judgment. Appellant refused these requests. Plaintiffs then engaged Attorney Coyne who drafted and filed an answer, a brief and affidavits. The Court denied the motion for summary judgment.
 
 
 4
 Attorney Coyne and an associate requested appellant to give them access to the materials and papers she had accumulated so that copies might be made thereof, but appellant refused to do so. The Court vacated its consent to appellant's withdrawal from the action and directed her to turn over to Attorney Coyne the records and materials requested, but appellant refused to comply with the order of the Court.
 
 
 5
 Trial was commenced on September 20, 1955, and the following day plaintiffs' claim was settled for $32,500.00. By agreement this claim was to be paid into court in three installments, and defendants did pay to the Clerk of the District Court, $10,000.00 on October 11, 1955, $10,000.00 on November 8, 1955, and $12,500.00 on September 4, 1956.
 
 
 6
 Appellant prepared a notice of attorney's lien dated February 25, 1955, copy of which she mailed to the various defendants. She filed a signed copy thereof with the Clerk of the District Court for the Western District of Wisconsin on December 21, 1955. This notice was captioned "In the District Court of the United States for the Western District of Wisconsin." The caption also contained the names of the plaintiffs, the defendants and the impleaded defendants. Among other things, the notice stated "Please Take Notice that the undersigned attorney, E. R. Borgmeier, of Lemont, Cook County, Illinois, was heretofore employed by * * * (plaintiffs) * * * to prosecute the above action against you, and who (plaintiffs) agreed to pay as compensation for such services rendered one-half (½) of whatever amount might be recovered therefrom by suit, settlement or otherwise, with the agreement that such compensation * * * would be a first lien on any amount recovered; * * * and therefore the undersigned claims a lien upon the above cause of action and upon any proceeds or damages which may be derived in said action * * *."
 
 
 7
 Shortly after the settlement was made, appellant was advised of same, and received a copy of the stipulation upon which it was based. Appellant took no steps to perfect her lien, and on November 17, 1955, the District Court entered an order for the payment to the plaintiffs of $20,000.00 from the funds on deposit with the Court. Borgmeier appealed from said order and in Fleming v. Lake Delton Development Company, 7 Cir., 241 F.2d 865, we held the undelivered registered mail notice addressed to Borgmeier was insufficient to confer jurisdiction over her or the subject matter. However, we noted from the records on the appeal before us that on December 21, 1955, Borgmeier did file with the Clerk of the District Court her claim for lien upon the fund derived from the settlement. We held this appearance conferred jurisdiction from the date of the filing, to-wit: December 21, 1955, over both the subject matter and the person of appellant Borgmeier. In our mandate we remanded the cause to the District Court with directions to proceed to determine the merits of the Borgmeier claim for lien after the issues pertaining thereto had been properly joined.
 
 
 8
 Borgmeier filed a petition for rehearing from that part of the decision of this Court that remanded the cause. She strongly argued she had not submitted herself to the jurisdiction of the District Court of the Western District of Wisconsin. As an explanation of why she filed a notice of attorney's lien with the Clerk of the Court she said it was "* * * a necessary concommitant [sic] in perfecting the appeal herein (after the case in chief had been disposed of) for the sole purpose of including said document with the record on this appeal. * * *" In spite of such contention, we denied the petition for rehearing. Thereafter Borgmeier petitioned the Supreme Court for certiorari making a contention similar to that urged in her petition for rehearing in this Court. The petition for certiorari was denied. Borgmeier v. Fleming, 355 U.S. 821, 78 S.Ct. 28, 2 L.Ed.2d 37.
 
 
 9
 On the instant appeal, Borgmeier is here once more making the same arguments and submitting the same issues which were presented when the case was here before. The parties are the same, and whether the situation be designated as res judicata or as the law of the case we think appellant Borgmeier has no standing to again litigate this question. When the Supreme Court denied certiorari, our decision became final.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Borgmeier claims that in fact she was discharged by plaintiffs