CLARENCE REED, ADMR., *v.* HERBERT ROSENFIELD.

(51 A2d 189)

Special Term at Rutland, November, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 4, 1947.

*Ernest F. Berry* and *Barber & Barber* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

JEFFORDS, J. This is an action brought under Lord Campbell's Act, P. L. 2859. It was not commenced until more than two years after the death of the person, allegedly caused by the negligent operation of a motor vehicle by the defendant who at all times here material was absent from and resided out of this state.

The case was disposed of below on pleadings and sent to us under the provisions of P. L. 2072. The defendant pleaded the two year statute of limitations set forth in P. L. 2860. To this plea the plaintiff demurred. The demurrer was overruled with exceptions to the plaintiff.

The accident in question occurred while the defendant was driving his automobile in this state and the main question raised for our determination is what bearing, if any, P. L. 5001 has on P. L. 2860.

P. L. 5001, as amended by No. 117 of the Acts of 1935, is to the effect that the operation of a motor vehicle in this state by a non-resident thereof is equivalent to an appointment by such non-resident of the commissioner of motor vehicles as the non-resident's attorney upon whom process may be served in any action against the non-resident growing out of any accident in this state in which a motor vehicle operated or caused to be operated by him may be involved and that process which is so served shall be of the same force and validity as if served on the non-resident personally.

The writ in this case was served on the commissioner of motor vehicles.

P. L. 2860 in speaking of actions brought under P. L. 2859 as far as here material provides as follows:

> "Such action shall be brought in the name of the personal representative of such deceased person and commenced within two years from his decease, but if the person against whom such action accrues is out of the state, the action may be commenced within two years after such person comes into the state; and if, after such cause of action accrues and before such two years have run, the person against whom it ac-

crues is absent from and resides out of the state, and has not known property within the state which can by common process of law be attached, the time of his absence shall not be taken as part of the time limited for the commencement of the action; . . . ."

The defendant's contention in substance is that because he was at all times after the accident amenable to service of process upon his attorney, the commissioner of motor vehicles, under P. L. 5001 he was not "absent from the state" within the meaning of P. L. 2860 and, as a consequence, the two year statute of limitations contained therein was not tolled because of the fact that he actually was absent from and resided out of the state during that time. This is a question of first impression with us but it has been presented and decided in other jurisdictions. See Annotations in 94 ALR 485 and 119 ALR 859. The cases appearing in these Annotations show that the authorities are divided. One set take what may be called a strict view and hold that the tolling of the limitation time by absence from and residence outside of the state is not affected by amenability to service under statutes similar to P. L. 5001. Other cases take what may be termed a liberal view and hold to the contrary. This latter view is considered to be held by the majority of the courts which have passed on this question. See 94 ALR 486.

According to the literal terms of P. L. 2860 the plaintiff is entitled to the tolling of the statute but this fact is not decisive if, as we believe to be so, there is room here for statutory construction. "If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it was intended, and the intention and meaning of the Legislature are to be ascertained and given effect, not from the letter of the law which is not in all cases a safe guide, but from an examination of the whole and every part of the act, the subject-matter, the effects and consequences, and the reason and the spirit of the law, although the intention and meaning thus ascertained conflict with the literal sense of the words." *First Nat. Bk.* v. *Comm'r. of Taxes,* 111 Vt 281, 290, 16 A2d 184, 187; *Brammal* v. *LaRose,* 105 Vt 345, 349, 165 A 916, and cases cited. "A thing which is within the intention of the Legislature, although it be not within its letter, is as much within the statute, as if it were within the letter." *Smith*

*& Son* v. *Hartford,* 109 Vt 326, 330, 196 A 281, 283. We are required to disregard even the plain letter of a statute if necessary to give it the effect which the Legislature evidently intended it should have. *In re Estate of Curtis,* 88 Vt 445, 451, 92 A 965.

In *Arrowood* v. *McMinn County,* 173 Tenn 562, 121 SW2d 566, 119 ALR 855, a case like the one here, it is stated, quoting from an earlier case from that jurisdiction, that "What is not within the purpose or meaning, nor within the mischief to be remedied by a statute, cannot be held included in the law, even though literally the language might include it. We take this to be a sound principle of exposition axiomatic, or almost so in our law."

■■ The purpose of P. L. 2860 and other limitations of actions statutes is perfectly clear. It is to make necessary the bringing of an action within a reasonable time and thus prevent fraudulent and stale claims from being brought at a time when witnesses have died or disappeared and documentary evidence has been lost or destroyed. The mischief which such statutes are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert. 34 Am Jur 18 et seq., 37 CJ 684. The purpose of the tolling or suspension provisions in such statutes is equally clear. It is to enable a plaintiff to have the full term of limitation in which to bring his action. *Hall* v. *Nasmith,* 28 Vt 791, 793. In order to effectuate this latter purpose it is provided in P. L. 2860 that the time of absence from and residence outside of the state, after a cause of action accrues, shall not be taken as a part of the time limited for the commencement of the action. It is apparent that the reason for this provision is to give a plaintiff the full two year period to make personal service on a defendant in the event the latter has no known attachable property in the state. In other words, the purpose of the tolling provision is to preserve a plaintiff's right of action during the time when it is impossible to serve process personally on a defendant or attach his property in this state.

■ By P. L. 5001, which was passed subsequently to P. L. 2860, as amended, the right is given a plaintiff in a case such as the one here to make service of process on a non-resident which would have the effect of personal service on him. He is by this statute made as amenable to service of process as he would be

if residing in this state. It follows that the suspending provisions of P. L. 2860 relating to absence from and non residence in this state now have no application to cases such as the one at bar. Those provisions were intended to apply only to defendants who, for the reasons therein stated, are not amenable to service of process under authority of this state within the two year period. To hold the contrary would permit a plaintiff in such a case to defer the institution of his action indefinitely, to the prejudice of a defendant which would be in conflict with the purpose of P. L. 2860 as hereinbefore stated. Also to hold the contrary would conflict with the primary purpose of P. L. 5001, namely the speedy adjudication of the respective rights of the parties in cases to which it applies. P. L. 5001 granted a right not theretofore existing in favor of a plaintiff in a case such as the one here. With this right or privilege there is an accompanying obligation of serving the commissioner of motor vehicles within the two year limitation provided in P. L. 2860.

In support of our holdings on this point see *Coombs* v. *Darling,* 116 Conn 643, 166 A 70; *Nelson* v. *Richardson,* 295 Ill App 504, 15 NE2nd 17; *Arrowood* v. *McMinn County, supra.*

The plaintiff points out that in a tort action such as the one at bar he has a right to take the body of a defendant on service of the writ and that this right will be lost if service is made under P. L. 5001. This is true but this situation exists when service is made on a resident defendant by leaving a copy of the writ at the house of his usual abode under P. L. 1519. When this manner of service is adopted the statute of limitations is not tolled. *Hackett* v. *Kendall,* 23 Vt 275; *Trask* v. *Garrick,* 94 Vt 70, 108 A 846. This seems to answer the plaintiff's objection on this score. But in any event it is not of sufficient consequence to have us change our holdings heretofore made.

The defendant also claims that P. L. 2860 was not tolled because he had known property within this state which could by common process of law be attached. This "property" is alleged to be an automobile insurance policy in an amount sufficient to pay any supposed damages recoverable by the plaintiff. In view of our disposition of what we have termed the main question in the case it is not necessary to consider this other point.

*Judgment overruling the demurrer is affirmed and judgment for the defendant to recover his costs.*