# Gary N. Law's Admr. v. Charles D. Culver

[155 A2d 855]

September Term, 1959

Present: **Holden, Shangraw, Barney and Smith, JJ. and Morrison, Supr. J.**

Opinion Filed November 3, 1959.

*Edmunds, Austin & Wick* for the defendant.

*Joseph W. Foti* and *A. Pearley Feen* for the plaintiff.

**Shangraw, J.** This is an action of tort and arose out of a motor vehicle accident which occurred at Berlin, Vermont, on July 24, 1955. The action is brought for the benefit of the next of kin of plaintiff's intestate pursuant to V. S. 47, §§2926 and 2927, now 14 V. S. A. §§1491 and 1492. The administrator also seeks, in this action, to recover for bodily hurt to the intestate pursuant to V. S. 47, §§2922 and 2923, now 14 V. S. A. §§1452 and 1453. All parties were residents of Vermont at the time the accident occurred. Plaintiff was appointed administrator on August 17, 1955. The writ is dated November 7, 1957 and was served on the commissioner of motor vehicles November 14, 1957. Thus the action was commenced more than two years after the death of plaintiff's intestate, and more than two years after the plaintiff's appointment as administrator.

The defendant answered and pleaded a general denial. He also pleaded that the action for the wrongful act, as provided for by 14 V. S. A. §§1491 and 1492, was not instituted within two years from the date of the decease of the intestate, Gary N. Law, and further that the action for the recovery of damages for bodily hurt to the intestate, brought pursuant to 14 V. S. A. §§1452 and 1453, was not instituted within two years from the date of such appointment as administrator, as required by V. S. 47, §1705, now 12 V. S. A. §557.

The plaintiff filed a replication stating that he ought not to be barred from maintaining the action because after the cause of action accrued and since August 1956 the defendant was absent from and residing out of the state, to wit, in Massachusetts, and had no known property in the state which, by common process of law, could be attached. The defendant demurred to the replication on the ground that the defendant was deemed to have appointed the commissioner of motor vehicles of Vermont as his true and lawful attorney upon whom lawful process could have been served in this action by virtue of V. S. 47, §10,062, as amended by No. 209 of the Acts of 1951, now 12 V. S. A. §891. The demurrer was overruled, defendant allowed exceptions, and the cause passed to this Court before

final judgment pursuant to the provisions of V. S. 47, §2124, now 12 V. S. A. §2428.

14 V. S. A. §1492 in part provides:

> "Such action shall be brought in the name of the personal representative of such deceased person and commenced within two years from his decease, but if the person against whom such action accrues is out of the state, the action may be commenced within two years after such person comes into the state. After such cause of action accrues and before such two years have run, if the person against whom it accrues is absent from and resides out of the state and has no known property within the state which can by common process of law be attached, the time of his absence shall not be taken as part of the time limited for the commencement of the action."

A survival action brought for bodily hurt pursuant to 14 V. S. A. §§1452 and 1453 must be brought within two years from the date of issuance of the letters of administration, and not thereafter. 12 V. S. A. §557. In such case V. S. 47, §1702, now 12 V. S. A. §552, contains a provision nearly identical to that above quoted which also suspends the running of the statute during defendant's absence from the state.

■■ The obvious purpose of limitation of actions statutes is to make necessary the bringing of an action within a reasonable time and thus prevent fraudulent and stale claims from being brought at a time when witnesses have died or disappeared and documentary evidence has been lost or destroyed. *Reed* v. *Rosenfield*, 115 Vt 76, 79, 51 A2d 189. The purpose of the tolling or suspension provisions in such statutes is to enable a plaintiff to have the full term of limitation in which to bring his action. In other words, to preserve a plaintiff's right of action during the time when it is impossible to serve process personally on a defendant or attach his property in this state. *Reed* v. *Rosenfield, supra*, at page 79.

In that service of the writ was made on the commissioner of motor vehicles the principal question raised for our determination is, what effect, if any, V. S. 47, §10,062, as amended

by No. 209 of the Acts of 1951, has on the limitations of action statutes under consideration. This section, as amended, now reads:

> "10,062. **Commissioner to be process agent of person.** The acceptance by a person of the rights and privileges conferred upon him by this and the following title, as evidenced by his operating, or causing to be operated, a motor vehicle in this state, shall be deemed equivalent to an appointment by such person of the commissioner, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against such person growing out of any accident or collision in which such person may be involved while operating or causing to be operated a motor vehicle in this state. Such acceptance shall be deemed to be the agreement of such person that any process against him which is so served upon the commissioner shall be of the same legal force and validity as if served on the person personally."

The following section, V. S. 47, §10,063, as amended by the Acts of 1951, now 12 V. S. A. §892, provides for a manner of service upon the commissioner of motor vehicles, and therein states * * * "Such manner of service shall be in addition to all existing manner of service, rights and remedies." The statute providing for substituted service in this case is therefore not exclusive.

Prior to the amendment of 1951 the word "person" as appears in the above statute read "nonresident." In other words by the amendment "nonresident" was changed to read "person." V. S. 47, §1062, before the amendment, was first construed in connection with P. L. §2860, (14 V. S. A. §1492) in the case of *Reed* v. *Rosenfield, supra,* and at pages 79 and 80 this Court therein stated: "By P. L. 5001, which was passed subsequently to P. L. 2860, as amended, the right is given a plaintiff in a case such as the one here to make service of process on a non-resident which would have the effect of personal service on him. He is by this statute made as amenable to

service of process as he would be if residing in this state. It follows that the suspending provisions of P. L. 2860 relating to absence from and non-residence in this state now have no application to cases such as the one at bar. Those provisions were intended to apply only to defendants who, for the reasons therein stated, are not amenable to service of process under authority of this state within the two year period. To hold the contrary would permit a plaintiff in such a case to defer the institution of his action indefinitely, to the prejudice of a defendant which would be in conflict with the purpose of P. L. 2860 as hereinbefore stated. Also to hold the contrary would conflict with the primary purpose of P. L. 5001, namely, the speedy adjudication of the respective rights of the parties in cases to which it applies." The statute, V. S. 47, §10,062, as amended, permitted service in this case on the commissioner of motor vehicles. The reasoning supplied in the *Reed* v. *Rosenfield* case, *supra*, applies here. By the amendment of 1951 the plaintiff was granted a right not theretofore existent. With this right or privilege there was an accompanying obligation in this case to make service on the commissioner of motor vehicles within the two year limitation to avoid the statutory bar.

 It is apparent that the legislature intended by this amendment to make the statute applicable to persons who absent themselves from the state, whether residents or non-residents. The evils which the statute, before the amendment, sought to correct still existed in so far as concerns residents who became non-residents after the cause of action accrued. No other meaning can be ascribed to the amendment. It supplies a need. Residents and non-residents who absent themselves from the state are treated alike. V. S. 47, §10,063, as amended, affords notice and opportunity to be heard, and provides all the procedural safeguards for due process of law. While a statute providing for substituted service must be strictly construed, the enactment must be so construed as to accomplish the purpose for which it was intended, if it can be done. *Emerson* v. *Carrier*, 119 Vt 390, 393, 125 A2d 822. *State v. Severance*, 120 Vt 268, 274, 138 A2d 425. The intention of the legislature

constitutes the law. *Tower* v. *Tower*, 120 Vt 213, 225, 138 A2d 602. *In re Cartmell Estate*, 120 Vt 228, 230, 138 A2d 588. In this case the statutes of limitations were not suspended during defendant's absence from the state. In support of this view see *Sanders* v. *Paddock*, 342 Ill App 701, 97 NE2d 600.

Plaintiff urges in his brief, without supporting authorities, that by the entry of a general appearance the defendant has waived any claim or defect in the service of process. The defendant in fact does not question the propriety of the service of the writ upon the commissioner of motor vehicles. In effect he advisedly asserts in his pleadings that service should have been made on the commissioner of motor vehicles within the two year period to avoid the statutory bar. We subscribe to this view.

 The plaintiff, while adopting the manner of service provided for by the statute, now claims in his brief that the very statute under which service was made, in so far as it attempts to reach this defendant, is unconstitutional. It appears to be a well settled rule that one who proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens. 11 Am Jur, Constitutional Law, §123. Also see *State* v. *Malmquist*, 114 Vt 96, 40 A2d 534; *Brattleboro Retreat* v. *Town of Brattleboro*, 106 Vt 238, 172 A 209. Although the constitutional question was briefed by the plaintiff the record fails to disclose that this question was raised below. A question not raised below is not for consideration here. *Robillard* v. *Tillotson*, 118 Vt 294, 302, 108 A2d 524. Furthermore, it is a well established rule that courts will not pass upon constitutional questions unless it is necessary to the final determination of the case. *Donoghue* v. *Smith*, 119 Vt 259, 268, 126 A2d 93; *Hanley* v. *United Steel Workers*, 119 Vt 187, 193, 122 A2d 872. It is the policy of this Court to consider constitutional questions only when it has been determined that the case is not to be disposed of on other grounds. *State* v. *Graves*, 119 Vt 205, 207, 122 A2d 840. *State* v. *Hall*, 96 Vt 379, 382, 119 A 884.

Although we are not here called upon to pass upon the constitutionality of the statute under which substituted service

was made, for authority opposed to plaintiff's view see *State ex rel Thomas* v. *District Court of Fourth Judicial District in and for Missoula County*, 108 Mont 362, 91 P. 422.

*The judgment order overruling the demurrer is reversed, demurrer sustained, and judgment for the defendant to recover his costs.*