**Fernand PROULX**

v.

**Rene GOULET.**

**J. Doris CAMPBELL**

v.

**Rene GOULET.**

**Civ. A. Nos. 5826, 5827.**

United States District Court,
D. Vermont.

July 30, 1970.

Kinney & Carbine, Rutland, Vt., for plaintiffs.

Ryan, Smith & Carbine, Rutland, Vt., for defendant.

## OPINION

OAKES, District Judge.

For, and only for, the purposes hereof, these two cases involving a driver and passenger in the same accident have been consolidated. The facts in each case are essentially the same.

The defendant, Rene Goulet, having given his street and post office address as South Hero, Vermont, on his Motor Vehicle report, also advised the State Trooper investigating the accident that his address was Box 225, South Hero, Vermont. Counsel for the plaintiffs checked with the Town Clerk of South Hero and found that the defendant, Rene Goulet, had left this small Vermont town and his whereabouts were unknown. The plaintiffs' attorney then telephoned an insurance agency in St. Albans, Vermont, and gave it notice that he represented the plaintiffs in actions against their assured; this was later followed by a letter to the agency as well as by a telephone call to a claims supervisor of the Aetna Casualty and Surety Company in Rutland, Vermont.

Subsequently the plaintiffs filed complaints with instructions that the summons be issued and that substituted service be made upon the Commissioner of Motor Vehicles of the State of Vermont, as provided in 12 V.S.A. §§ 891 and 892. In accordance with the Vermont statute, plaintiffs' attorney sent registered letters with return receipt requested to "Mr. Rene Goulet, South Hero, Vermont," and filed his affidavit of compliance with the Court. The registered letters were returned to the plaintiffs' attorney checked "Moved, left no address." Plaintiffs' attorney also mailed copies of the process to the above stated claims supervisor of the Aetna Casualty and Surety Company.

On April 10, 1970, after the time for appearance had expired but before any motion for judgment by default was filed, an appearance was filed for Rene Goulet by a Rutland, Vermont, law firm, which moved to dismiss the case on the ground of lack of jurisdiction of the person, insufficient process, insufficient service of process and lack of jurisdiction of the subject matter.

Under Fed.R.Civ.P. 4(d) (1) and (7), service on an individual is sufficient either in the manner prescribed in Rule 4(d) (1) or, as stated in Rule 4(d) (7), "in the manner prescribed by the law of the state in which the district court is held for the service of summons * * *," provided, of course, that state procedure comports with the constitutional requirements of due process of law. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The questions presented here, then, are whether the Vermont statute providing for substituted service requires any further action on the part of plaintiffs to obtain jurisdiction and, if it does not, whether the constitutional requirements of Wuchter v. Pizzutti, 276 U.S. 13, 48 S. Ct. 259, 72 L.Ed. 446 (1928), and Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), have been met.

The Vermont statute plainly requires nothing further to be done by the plaintiffs. By virtue of operating a motor vehicle in the state of Vermont the defendant is deemed to have appointed the commissioner of motor vehicles "to be his true and lawful attorney upon whom may be served all lawful process in any action or proceeding." The statute goes on to provide:

> "Such acceptance shall be deemed to be the agreement of such person that any process against him which is so served upon the commissioner shall be of the same legal force and validity as if served on the person personally."

Section 892 then proceeds to say how service shall be made and provides that service on the commissioner "shall be sufficient service upon the person, provided that a ·copy of such process * * * is *sent* by the plaintiff to the defendant by registered mail." (Italics supplied.) Law's Adm'r v. Culver, 121 Vt. 285, 155 A.2d 855 (1959), states that "It is apparent that the legislature in-

tended by [the amendment of 1951] to make the statute applicable to persons who absent themselves from the state, whether residents or non-residents." 121 Vt. at 289, 155 A.2d at 858.

It is true that "no court may properly subject a person to its jurisdiction by merely notifying him by an undelivered letter directing him to come to court, in the absence of statutory basis for such procedure." Fleming v. Lake Delton Development Co., 241 F.2d 865, 866 (7th Cir. 1957). But the substituted service statute here involved expressly permits service to be accomplished by delivery to the commissioner of motor vehicles as attorney provided that a copy of the process is "sent"—the statute doesn't say "delivered"—by the plaintiff to the defendant.

■ The question arises whether the statute, so applied, is constitutional. This was a question which the Vermont Supreme Court took pains not to answer, even while citing State ex rel. Thompson v. District Court of Fourth Judicial District in and for Missoula County, 108 Mont. 362, 91 P.2d 422, upholding such a statute. Law's Adm'r v. Culver, 121 Vt. 285, 290–291, 155 A.2d 855 (1959). Certainly such a statute is a valid exercise of power by a state on the basis that it has the right to regulate the use of its highways. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). All that Wuchter v. Pizzutti, supra, holds is that such a statute must "contain a provision making it reasonably probable that notice of the service * * * will be communicated to the * * * defendant who is sued." 276 U.S. 13, 18, 48 S.Ct. 259, 260. In Mr. Justice Brandeis' phrase, "the speed of the automobile and the habits of men" are still such, these fifty-four years after Kane v. New Jersey, 242 U.S. 160, 167, 37 S.Ct. 30, 32, 61 L.Ed. 222 (1916), as to make it not unreasonable for the legislature to believe that ability to establish, by legal proceedings within the state, a financial liability of automobile owners is essential to public safety.

Even if it were still true, in the words of McDonald v. Mabee, 243 U.S. 90, 91,

37 S.Ct. 343, 61 L.Ed. 608 (1917), that "the foundation of jurisdiction is physical power * * *," certainly service upon an agent or attorney for the service of process could be said to give the state that power. There is no question but that operation of a motor vehicle is at least a "minimum contact" within International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). While by definition the "implied consent" statutes involve a fiction, it is also true that this state could actually require a resident or nonresident motor vehicle operator to file a written designation of the commissioner of motor vehicles as agent for the service of process as a condition to the use of the state roads. Kane v. New Jersey, supra.

■ A person who refuses to accept service otherwise lawfully made may still be served. See Roth v. W. T. Cowan, Inc., 97 F.Supp. 675 (E.D.N.Y. 1951); Loeb v. Loeb, 118 Vt. 472, 478–479, 114 A.2d 518 (1955). The defendant Goulet's moving, without leaving a forwarding address with the post office in South Hero, can be deemed to amount to avoidance of service, or at least is analogous to a refusal to accept. Cf. In re Cintra Realty Corp., 373 F.2d 321 (2nd Cir. 1967).

Moreover, someone—presumably the defendant's insurer—has received sufficient notice to appear and file the motion to dismiss, a motion wherein the defendant, Rene Goulet, says that "the present whereabouts of Rene Goulet is unknown." By having notified Goulet's insurer, the plaintiffs here have given it the opportunity to defend at least to the extent of its policy coverage. Cf. National Equipment Rental v. Szukhent, 375 U.S. 311, 315, 84 S.Ct. 411, 11 L. Ed.2d 354 (1964). To that extent, at least, the "fair play" called for by McDonald v. Mabee, 243 U.S. 90, 91, 37 S. Ct. 343, 61 L.Ed. 608, has been had. To that extent also the constitutional demands of notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action * * *," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,

314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), have been met, perhaps to an even greater extent than in cases where there has been mistaken delivery of process to the wrong party. See, e. g., Lumbermen's Mutual Cas. Co. v. Borden Co., 268 F.Supp. 303, 309–310 (S.D.N.Y. 1967).

 That there is jurisdiction of the subject matter of an automobile accident occurring in the state of Vermont between citizens of that state and of a foreign country requires no discussion whatsoever. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Motions denied.