**Rose Alyce Thayer, Individually and as Administratrix of the Estate of Katherine Richards v. Peter Herdt, Individually and as Chief of Police of the Springfield Police Department and the Town of Springfield, Vermont**

[586 A.2d 1122]

No. 89-243

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed December 14, 1990

*Robert Reis* and *Phyllis R. McCoy* of *Hull, Webber, Reis & Canney,* Rutland, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendants-Appellees.

**Allen, C.J.** Plaintiff instituted this action as administratrix of her daughter's estate seeking damages for wrongful death of her daughter and individually for emotional distress and economic loss. The trial court granted defendant's motion for summary judgment on the wrongful death claim and dismissed plaintiff's emotional distress and economic loss claim on the pleadings. We affirm in part and reverse in part.

## I.

Defendant[1] moved for summary judgment on the wrongful death claim on the ground that the statute of limitations had run. Plaintiff concedes that she originally instituted the action more than two years after the death of her daughter; thus, the first issue before the Court is whether the tolling provision in the wrongful death statute applies on the facts alleged.[2] Defendant Herdt moved from Vermont to Ohio shortly after the acts complained of and has resided there since with no known property within the state of Vermont.

Plaintiff argues that the statute is clear and unambiguous and that its plain meaning controls. On two earlier occasions, however, this Court has considered the tolling provisions of 14 V.S.A. § 1492 and concluded that they apply only to defendants who are not amenable to service of process under the authority of this state within the two-year period. *Law's Administrator v. Culver*, 121 Vt. 285, 289, 155 A.2d 855, 858 (1959); *Reed v. Rosenfield*, 115 Vt. 76, 79, 51 A.2d 189, 191 (1947). As this Court noted in *Reed*, the purpose of a statute of limitations is to require "the bringing of an action within a reasonable time and thus prevent fraudulent and stale claims from being brought at a time when witnesses have died or disappeared and documentary evidence has been lost or destroyed." 115 Vt. at 79, 51 A.2d at 191. The purpose of the tolling provision is to preserve the plaintiff's right of action during the time when it is impossible to serve process personally on a defendant or attach his property within this state. In both cases, we held that the period of limitations was not suspended by reason of a defendant's absence from the state where a plaintiff could ef-

---

[1] The action against the Town of Springfield was dismissed, and plaintiff does not argue on appeal that this was error.

[2] 14 V.S.A. § 1492(a) provides:

(a) Such action shall be brought in the name of the personal representative of such deceased person and commenced within two years from his decease, but if the person against whom such action accrues is out of the state, the action may be commenced within two years after such person comes into the state. After such cause of action accrues and before such two years have run, if the person against whom it accrues is absent from and resides out of the state and has no known property within the state which can by common process of law be attached, the time of his absence shall not be taken as part of the time limited for the commencement of the action.

fect substitute service on the Commissioner of Motor Vehicles in actions arising out of motor vehicle accidents. See 12 V.S.A. §§ 891, 892.

Plaintiff correctly points out that, in obvious response to the holding in *Law's Administrator*, the Legislature amended 12 V.S.A. § 892 in 1961 to provide that service on the Commissioner of Motor Vehicles shall not render inoperative the tolling provisions of 12 V.S.A. § 552—which are virtually identical to those found in 14 V.S.A. § 1492. The Legislature thus made clear that the tolling provisions of 12 V.S.A. § 552 would apply in motor vehicle accident cases even though a defendant was amenable to service of process by service upon the Commissioner of Motor Vehicles. Were the analysis to end at this point, we would be inclined to agree with plaintiff.

■ Here, however, defendant was served pursuant to V.R.C.P. 4(e)[3] and 12 V.S.A. § 913(a) and (b).[4] The latter was enacted subsequent to the 1961 amendment to 12 V.S.A. § 892 and was intended to extend jurisdiction over individual parties to the extent permitted by the due process clause. *Messier v. Whitestown Packing Corp.*, 544 F. Supp. 8, 10 (D. Vt. 1982). 12 V.S.A. § 913(c) provides that the provisions of § 913(b) are in addition to all existing manner of service and that the availability of a personal judgment pursuant to § 913(b) shall make "al-

---

[3] V.R.C.P. 4(e) provides:

(e) **Personal Service Outside the State.** A person whose contact or activity in the state or such contact or activity imputable to that person is sufficient to support a personal judgment against that person may be served with the summons and the complaint outside the state, in the same manner as if such service were made within the state, by any person authorized to serve civil process by the laws of the place of service or by a person specially appointed to serve it.

[4] 12 V.S.A. § 913(a) and (b) provide:

(a) When process is served upon a party outside the state in such manner as the supreme court may by rule provide, the same proceedings may be had, so far as to affect the title or right to the possession of goods, chattels, rights, credits, land, tenements or hereditaments in the state as if the process had been served on a party in the state.

(b) Upon the service, and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

ternative and not inoperative" the provisions of §§ 855 and 856 of Title 12 relating to service on the Secretary of State for corporations doing business in the state, and §§ 891 and 892 of Title 12 relating to service on the Commissioner of Motor Vehicles. Notably, the Legislature did not make the tolling provisions of 12 V.S.A. § 552 or 14 V.S.A. § 1492(a) inoperative when jurisdiction is acquired pursuant to 12 V.S.A. § 913. We must presume that the Legislature made changes in the law in light of the relevant decisions of this Court and with knowledge of prior legislation on the same subject. *State v. Anair*, 123 Vt. 80, 81, 181 A.2d 61, 63 (1962); *Donoghue v. Smith*, 119 Vt. 259, 263–64, 126 A.2d 93, 96 (1956). When the Legislature enacted § 913, it was aware that § 892 did not make the tolling provisions of § 552 inoperative because specific reference to § 892 is made in § 913. We must, therefore, conclude that the Legislature did not intend to foreclose the application of the rationale of our holdings in *Law's Administrator* and *Reed* where service is made pursuant to 12 V.S.A. § 913 and V.R.C.P. 4(e), and that where a defendant is amenable to service of process pursuant to that statute and rule, the statute of limitations is not tolled.

■ The plaintiff also argues that *Law's Administrator* and *Reed* do not control because there is no process agent within the state upon whom service can be made. The question, however, is whether defendant is amenable to process, not whether there is a person within the state that can be served. Where personal jurisdiction can be obtained over the defendant, the rationale of *Law's Administrator* and *Reed* still apply and the tolling provisions do not, unless otherwise provided by statute.

II.

In an effort to avoid the two-year limitation contained in the wrongful death statute, plaintiff urges that we recognize a common-law action for wrongful death. Plaintiff concedes the existence of some early Vermont case law denying common-law recovery, but argues that the question is an open one in this jurisdiction and should be recognized. We think her concession understates the earlier holdings of this Court. Beginning with *Sherman v. Johnson*, 58 Vt. 40, 2 A. 707 (1886), this Court has consistently held that a common-law right of action for wrong-

ful death does not exist. We held in *Sherman* that it was error to allow a father to recover for the loss of his son's service until he would have been of age, stating that "the authorities are numerous and well-nigh uniform, that at common law the death of a human being, though clearly involving pecuniary loss, affords no ground for an action for damages." *Id.* at 44, 2 A. at 709. While the wisdom of the rule was questioned in cases where death resulted from a negligent act, it was nevertheless followed. See *Trow v. Thomas*, 70 Vt. 580, 587, 41 A. 652, 654 (1898) (the rule "has been the unvarying law in England from time immemorial . . . [and] has been the settled doctrine in this country").

Plaintiff argues that language found in *Vaillancourt v. Medical Center Hospital of Vermont*, 139 Vt. 138, 425 A.2d 92 (1980), supports her position that the question is still an open one in this jurisdiction. The plaintiffs in that action sought damages under the wrongful death statute as well as under the common law for the death of a fetus. This Court noted that the trial court did not reach the issue of "whether recovery for the wrongful death involved here has a basis in common law," and also declined to reach the question, because it allowed recovery under the statute. *Id.* at 141, 425 A.2d at 94. It noted the statute was remedial in nature and was designed to alleviate the harsh common-law rule of no liability where the victim had died. *Id. Vaillancourt* did not reverse or modify the rule. We recently acknowledged the existence of the rule in *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989).

 This Court will not recognize a new cause of action or enlarge an existing one without first determining whether there is a compelling public policy reason for the change. *Langle v. Kurkul*, 146 Vt. 513, 520, 510 A.2d 1301, 1305–06 (1986). Plaintiff does not suggest, and we do not perceive, such a reason here. The Legislature has provided remedies for death caused by a wrongful act. Recovery may be had for the damages suffered by the decedent prior to death. 14 V.S.A. § 1453. In addition, recovery may be had for the pecuniary injuries sustained by the decedent's spouse and next of kin. 14 V.S.A. §§ 1491, 1492. Plaintiff does not argue that the remedy is inadequate. Rather, she seeks only to avoid the two-year period of limitation in the statute. The Legislature has fashioned a remedy for

those injured by the wrongful acts of another when death results. When "'a statute confers a remedy unknown to the common law, and prescribes the mode of enforcing it, that mode alone can be resorted to.'" *Winney v. Ransom & Hastings, Inc.*, 149 Vt. 213, 214, 542 A.2d 269, 270 (1988) (quoting *Thayer v. Partridge*, 47 Vt. 423, 428 (1875)).

### III.

Plaintiff also argues that the trial court erred in dismissing her claim for intentional infliction of emotional distress.[5] In her complaint, she alleged that defendant was informed that plaintiff's daughter had been abducted, that he failed to initiate a search for her, that defendant prevented plaintiff and her husband from conducting a search, that defendant was aware of the abductor's identity, and that the failure to respond to the abduction report resulted in the rape and death of the daughter and, thereby, resulted in great emotional distress to plaintiff. Defendant moved for judgment on the pleadings pursuant to V.R.C.P. 12(c), claiming that plaintiff's exclusive remedy was under the wrongful death act and that she could not maintain an independent cause of action for emotional distress. The trial court, however, relying upon *Vaillancourt*, dismissed the emotional distress claim on the ground that there was no allegation that plaintiff was in the zone of danger or that physical impact had occurred.

The trial court erred in requiring plaintiff's presence in the zone of danger where the claim is for intentional or reckless infliction of emotional distress. The presence requirement applies to negligently caused emotional distress. *Vaillancourt*, 139 Vt. at 143, 425 A.2d at 95. The elements of the tort of intentional infliction of mental distress are: (1) conduct that is extreme and outrageous, (2) conduct that is intentional or reckless, and (3) conduct that causes severe emotional distress. *Sheltra v. Smith*, 136 Vt. 472, 476, 392 A.2d 431, 433 (1978). There is no requirement for physical impact or that plaintiff be within a zone of danger from physical impact in order to recover.

---

[5] Plaintiff does not argue on appeal that the trial court erred in dismissing her claim for economic loss.

 On a V.R.C.P. 12(c) motion for judgment on the pleadings, the issue is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Bressler v. Keller*, 139 Vt. 401, 403, 429 A.2d 1306, 1307 (1981). Where a plaintiff's pleadings contain allegations that, if proved, would permit recovery, a defendant may not secure a judgment on the pleadings. 5A C. Wright & A. Miller, Federal Practice and Procedure § 1368, at 527–28 (1990). Defendant contends that plaintiff has failed to allege extreme and outrageous conduct sufficient to permit recovery for intentional infliction of emotional distress. As defendant notes, it is for the court to determine in the first instance whether the conduct is so extreme and outrageous as to permit recovery. Restatement (Second) of Torts § 46 comment h (1965). While we express no opinion on the merits, it cannot be said as a matter of law that the acts here alleged do not rise to the level of extreme and outrageous conduct which would allow recovery.

 Defendant also argues that any damages for plaintiff's emotional distress are recoverable in her representative capacity only under the wrongful death statute and are, therefore, barred by the statute of limitations. We disagree. The wrongful death statute provides a remedy for loss by a spouse and next of kin resulting from a wrongful act, neglect, or default against the decedent. It does not address, nor is it meant to preclude, recovery by a spouse and next of kin for wrongful acts committed against the spouse and next of kin themselves. See *DeCicco v. Trinidad Area Health Ass'n*, 40 Colo. App. 63, 66, 573 P.2d 559, 561–62 (1977) (distinguishing derivative nature of wrongful death recovery from direct nature of outrageous conduct recovery). This point was implicit in *Vaillancourt*, where we upheld the existence of both a statutory cause of action for a stillborn viable fetus's wrongful death and the mother's own cause of action for negligent infliction of emotional distress. *Vaillancourt*, 139 Vt. at 143–44, 425 A.2d at 95. Plaintiff's intentional infliction of emotional distress claim seeks to recover for a tort committed directly against her, and

as such it is not precluded by the wrongful death statute. It may well be that in the case at hand plaintiff will encounter problems of proof, but should liability be found, we believe that proper instructions could guide a jury to award for only the acts or omissions resulting in emotional distress.

*The grant of summary judgment on the wrongful death claim is affirmed. The dismissal of the claim for economic loss is affirmed. The grant of judgment on the pleadings for the claim of severe emotional distress is reversed and the matter is remanded.*