## Lawrence R. and Kathleen Fortier v. Robert J. Byrnes

[678 A.2d 890]

No. 94-298

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 15, 1996

Motion for Reargument Denied April 30, 1996

*William M. McCarty* and *Richard J. Windish* of *McCarty Law Offices, P.C.*, Brattleboro, for Plaintiffs-Appellees.

*John Paul Faignant* and *Christopher J. Whelton* of *Miller & Faignant, P.C.*, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals a jury verdict for plaintiff, arguing that the trial court erroneously denied his motion to dismiss, which was based on the statute of limitations, and that the court committed other trial errors. We reverse in part.

Plaintiff Lawrence Fortier[1] signed and dated his complaint on July 25, 1989. Plaintiff alleged that he injured his left knee while working on February 11, 1986. After plaintiff's condition worsened, his employer sent him to a doctor for an evaluation on February 21, 1986.

---

[1] Plaintiff Kathleen Fortier was added by plaintiff Lawrence Fortier's motion to amend his complaint, which the court granted on July 20, 1993. Defendant argues that the court erred by granting plaintiff's motion to amend his complaint. The jury awarded plaintiff Kathleen Fortier no damages on her loss of consortium claim; thus, even if the court erred, defendant was not prejudiced. V.R.C.P. 61.

The doctor[2] ordered x-rays and informed plaintiff that he would convey the results to plaintiff's employer. The doctor informed defendant, the supervisor of employee health and safety for plaintiff's employer, that plaintiff had fractured his kneecap and that he should refrain from working. Notwithstanding repeated inquiries from plaintiff regarding the doctor's report, defendant denied that he had heard from the doctor. Plaintiff continued to work and did not learn of his fractured kneecap until March 17, 1986. Defendant knew or should have known of plaintiff's injury and knew or should have known that plaintiff's injury would be aggravated if plaintiff continued to work. Defendant's failure to exercise reasonable care towards plaintiff resulted in the aggravation of his injury and permanent disability.

Defendant filed an answer, in which he pled the affirmative defense of statute of limitations. Defendant then filed a Rule 12(b)(6) motion to dismiss based on the statute of limitations. In his response, plaintiff argued that the statute was tolled under 12 V.S.A. § 552[3] because defendant had resided out of state during the time between plaintiff's injury and the date of the complaint. Plaintiff also argued that the statute was tolled because defendant had "fled the State of Vermont" and "attempted to avoid being discovered."

The trial court held a hearing on defendant's motion to dismiss and allowed the parties to submit additional memoranda. In a supplemental memorandum, defendant referred to returns of service and a tracing services company letter submitted with plaintiff's earlier motion for enlargement of time to effect service.

Plaintiff had unsuccessfully attempted to serve the complaint on defendant in Ohio on August 11, 1989 and in Idaho on September 11, 1989. On October 26, 1989, plaintiff engaged a tracing services company to locate defendant. The tracing services company located defendant in the Bronx, New York sometime in early November 1989. On November 17, plaintiff sent the Bronx County Sheriff a request for

---

[2]The doctor was named as a co-defendant in plaintiff's complaint and was served on July 28, 1989. Plaintiff dropped him as a defendant by stipulation for dismissal dated November 8, 1989.

[3]The relevant portion of 12 V.S.A. § 552 reads:

> If a person is absent from and resides out of the state after a cause of action accrues against him and before the statute has run, and he has not known property within the state which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action.

service upon defendant, as permitted under 12 V.S.A. § 913[4] and V.R.C.P. 4(e).[5] Defendant was served in New York on December 15, 1989. On December 29, having not yet received return of service, plaintiff moved for enlargement of time to effect service. With his motion, plaintiff submitted the returns of service from Ohio and Idaho as well as a letter from the tracing services company acknowledging engagement. The court granted the motion for extension of time.

In his supplemental memorandum, defendant argued that the returns of service and the tracing services company letter showed that plaintiff had attempted to locate or serve defendant only after the expiration of the statute of limitations. The court did not consider this evidence, however, and denied the motion to dismiss, citing 12 V.S.A. § 552.

■ Defendant argues that 12 V.S.A. § 552 is inapplicable to this case, and we agree. In *Thayer v. Herdt*, 155 Vt. 448, 453, 586 A.2d 1122, 1125 (1990), we held that the Legislature did not make the tolling provisions of 14 V.S.A. § 1492(a) inoperative when jurisdiction is acquired pursuant to 12 V.S.A. § 913 and concluded that, where a defendant is amenable to service of process pursuant to that statute and V.R.C.P. 4(e), the statute of limitations is not tolled.[6] Because the relevant language of 14 V.S.A. § 1492(a) and 12 V.S.A. § 552 is virtually identical, we hold that the *Thayer* rule extends to 12 V.S.A. § 552.

---

[4] **§ 913 Effect of service outside the state**

(a) When process is served upon a party outside the state in such manner as the supreme court may by rule provide, the same proceedings may be had . . . as if the process had been served on a party in the state.

(b) Upon the service, and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

[5] **RULE 4. PROCESS**

. . . .

(e) **Personal Service Outside the State.** A person whose contact or activity in the state or such contact or activity imputable to that person is sufficient to support a personal judgment against that person may be served with the summons and the complaint outside the state, in the same manner as if such service were made within the state, by any person authorized to serve civil process by the laws of the place of service or by a person specially appointed to serve it.

[6] Although the *Thayer* holding discusses both 14 V.S.A. § 1492 and 12 V.S.A. § 552, the reference to 12 V.S.A. § 552 is dicta. *Thayer*, 155 Vt. at 453, 586 A.2d at 1125.

Plaintiff contends that 12 V.S.A. § 552 is inoperable only in cases where a defendant has an in-state agent for service of process. As we held in *Thayer*, "The question . . . is whether defendant is amenable to process, not whether there is a person within the state that can be served. Where personal jurisdiction can be obtained over the defendant, . . . the tolling provisions do not [apply] . . . ." *Id*. The trial court therefore erred when, based on 12 V.S.A. § 552, it denied defendant's motion to dismiss.

■ Plaintiff also argues that a motion to dismiss is an improper vehicle by which to raise the statute of limitations defense. As support for this proposition, plaintiff cites *White Current Corp. v. State*, 140 Vt. 290, 292, 438 A.2d 393, 394 (1981), which states, "The affirmative defenses of estoppel and statute of limitations . . . are unavailable for consideration on a motion to dismiss pursuant to V.R.C.P. 12(b)(6)." Regarding the statute of limitations defense, the quoted portion of *White Current* is dicta because that case involved only the affirmative defense of estoppel. *Id*. at 291, 438 A.2d at 394. The *White Current* dicta is also contrary to the accepted interpretation of Fed. R. Civ. P. 12, upon which V.R.C.P. 12 is based. Reporter's Notes, V.R.C.P. 12. Under the virtually identical federal rule, a complaint may properly be dismissed when the allegations set forth therein show on their face that the action is barred by the statute of limitations. *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989); 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 351-54 (1990). This interpretation of Rule 12 is based on Rule 9(f), which makes averments of time and place material for testing the sufficiency of a complaint. V.R.C.P. 9(f); 5A C. Wright & A. Miller, *supra*, § 1357, at 352-54. Because the limitations defense part of the *White Current* holding is dicta and contrary to persuasive federal authority, we conclude that defendant could properly raise the limitations defense in a motion to dismiss. See *State v. Hance*, 157 Vt. 222, 224, 596 A.2d 365, 366 (1991) (rationale of case relied upon by defendant rejected as dicta and because contrary to weight of authority in other jurisdictions).

■ Defendant's motion to dismiss should have been granted because the face of plaintiff's complaint showed his claim to be time-barred. Nevertheless, plaintiff made other allegations that he claims would toll the statute of limitations. Because we cannot say with certainty on the record before us that plaintiff would be barred from maintaining this action under any set of circumstances, he

should be granted leave to amend his complaint to avoid the ban that appears on its face. V.R.C.P. 15(a); *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988); 5A C. Wright & A. Miller, *supra,* § 1357, at 360-67.

*The order denying defendant's motion to dismiss is reversed. The cause is remanded with leave to plaintiff to amend his pleading within thirty days of remand to allege facts showing that his claim is not time-barred. If the trial court concludes after amendment that plaintiff's claim is time-barred, it shall vacate the judgment entered and enter judgment for defendant. If the trial court concludes that plaintiff's claim is not time-barred, this Court retains jurisdiction over the other issues raised in this appeal for sixty days from the date of this mandate.*