2007 VT 79

## Anthony E. Andrews v. Kurt W. Stam

[939 A.2d 455]

No. 06-354

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed August 17, 2007

Motion for Reargument Denied October 18, 2007

*James W. Swift* and *Devin McLaughlin* of *Langrock Sperry & Wool, LLP*, Middlebury, for Plaintiff-Appellant.

*Sheldon M. Katz* of *Clark, Long, Werner & Flynn*, Burlington, for Defendant-Appellee.

¶ 1. **Burgess, J.** Plaintiff Anthony Andrews appeals a superior court order dismissing his claim of negligence against defendant Kurt Stam for personal injuries sustained when the parties were involved in a two-car accident in Vermont. Defendant moved to dismiss, based on plaintiff's failure to file suit within the three-year statute of limitations generally applicable to such claims. The superior court initially denied the motion, then later granted defendant's motion to reconsider and dismissed plaintiff's action. On appeal, plaintiff argues that the applicable statute of limitations is tolled when the defendant resides out of state and the suit concerns a motor vehicle accident in which the defendant was involved. We agree that the statute of limitations is tolled in this instance and reverse.

¶ 2. Plaintiff's complaint alleges that on January 19, 2002, he was traveling on Killington Road in Rutland when the car he was operating collided with a car operated by defendant. Defendant was and remains a resident of the State of New York and owns no real property in Vermont. Plaintiff first filed suit against defendant in Rutland Superior Court on January 7, 2005, and attempted personal service in New York. The effort at personal service was unsuccessful, and the suit was eventually dismissed. Plaintiff, with new counsel, filed the present case on December 6, 2005, and effectuated service on December 8, 2005, by serving the Vermont Commissioner of Motor Vehicles pursuant to 12 V.S.A. § 892.

¶ 3. Defendant, in his motion to dismiss, maintained that plaintiff's second action was barred by the three-year statute of limitations in 12 V.S.A. § 512(4).[*] Plaintiff does not dispute that more than three years passed between the time the cause of action accrued and the commencement of his suit. Rather, plaintiff argues that the statute of limitations was tolled by 12 V.S.A. § 552, which provides:

---

[*] "Actions . . . shall be commenced within three years" for "injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury." 12 V.S.A. § 512(4).

If a person is absent from and resides out of the state after a cause of action accrues against him and before the statute has run, and he has not known property within the state which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action.

It is undisputed that defendant resided out of state for the entire period and had no property in Vermont. However, application of § 552 tolling has been significantly limited by case law where we have held that the section is inoperative when a defendant is amenable to service of process pursuant to the long arm statute, 12 V.S.A. § 913. *Fortier v. Byrnes*, 165 Vt. 189, 192-93, 678 A.2d 890, 892 (1996). Defendant argues that *Fortier* controls and plaintiff should not have the benefit of tolling when defendant was subject to personal jurisdiction and amenable to service under the long arm statute.

¶ 4. Plaintiff counters that there is an exception to *Fortier's* rule when the defendant has been served via the Commissioner of Motor Vehicles under 12 V.S.A. §§ 891 and 892. Those sections allow for service upon the Commissioner as agent for a defendant in actions regarding any accident in which a defendant was operating a motor vehicle. Significantly, § 892(b) states that this manner of service "shall be in addition to all existing manner of service, rights and remedies, and the availability of such manner of service shall not make the provisions of section 552 of this title inoperative, relative to tolling of the statute of limitations." Plaintiff maintains that § 892(b) applies and explicitly requires that § 552's tolling provision be applied in this case, notwithstanding his ability to serve process under the long arm statute.

¶ 5. In support of his argument for application of § 892(b) to require tolling, plaintiff recounts the history of that statute. The original versions of what are now §§ 891 and 892, enacted in 1925, did not contain a provision equivalent to § 892(b). 1925, No. 70, § 120. Accordingly, in 1959, we held that a tolling provision for nonresident defendants did not apply when the defendant could be served pursuant to §§ 891 and 892. *Law's Adm'r v. Culver*, 121 Vt. 285, 288-89, 155 A.2d 855, 857-58 (1959) ("[The tolling] provisions were intended to apply only to defendants who, for the reasons therein stated, are not amenable to service of process under

authority of this state within the two year period."). Less than two years later, in 1961, the Legislature amended § 892 by adding the statement that availability of service to the Commissioner "shall not make the provisions of section 552 of this title inoperative, relative to tolling of the statute of limitations." 1961, No. 134. From these circumstances, plaintiff infers that the 1961 amendment was a direct repudiation of *Law's Administrator* and an indication of the Legislature's intent for tolling to apply when service is made upon the Commissioner. See *Thayer v. Herdt*, 155 Vt. 448, 452, 586 A.2d 1122, 1124 (1990) (noting that 1961 amendment was "in obvious response to the holding in *Law's Administrator*").

¶ 6. Defendant does not contest that the effect of the 1961 amendment was to overrule *Law's Administrator*, but instead maintains that a subsequent amendment to the long arm statute should control. The long arm statute was amended in 1968 by adding § 913(b), which extended Vermont jurisdiction over individual parties residing out of state to include all "personal judgment" suits to the extent permitted by due process. 1967, No. 353 (Adj. Sess.), § 4; see *Thayer*, 155 Vt. at 452, 586 A.2d at 1124 (describing expansion of personal jurisdiction). The statute also provides that the availability of personal service under § 913(b) is "alternative and not inoperative" to §§ 891 and 892 service to the Commissioner. 12 V.S.A. § 913(c). This expansion of the long arm statute, according to defendant, supersedes any intent the Legislature had in allowing indefinite tolling for service to the Commissioner. The essential issue, finally, is whether the long arm statute, as amended in 1968 to permit service of process outside the state for personal judgment actions, effectively superseded the 1961 amendment to § 892(b). From this dog's breakfast of countervailing rules and exceptions, we conclude that it did not.

¶ 7. In *Thayer* we first confronted the applicability of a nonresident-defendant tolling provision — for wrongful death claims in that case — to the expanded long arm statute. 155 Vt. at 451, 586 A.2d at 1124. We noted that the question was analogous to application of tolling to the pre-1961 version of § 892: whether the Legislature intended to allow tolling for nonresident defendants despite the availability of a method of service. *Id.* We recalled our holding in *Law's Administrator* that tolling was not available when service upon the Commissioner was available because the purpose of tolling is to preserve a right of action during the time

it is impossible to serve process. *Id.* We noted the 1961 amendment's effect in overruling *Law's Administrator* by mandating that tolling still apply to service upon the Commissioner and the Legislature's failure to include a similar provision in the long arm statute. *Id.* at 452-53, 586 A.2d at 1124. We reasoned that omission from the long arm statute of anything analogous to § 892(b) exhibited legislative intent that the rationale of *Law's Administrator* and similar cases be applied to the long arm statute to make tolling inoperative when a defendant is amenable to service by that law. *Id.* at 452-53, 586 A.2d at 1124-25.

■■ ¶ 8. Defendant urges that plaintiffs should not be allowed to circumvent statutes of limitations by choosing to serve the Commissioner when the long arm statute makes personal service available at any time. Defendant's argument essentially uses the same rationale as we did in *Law's Administrator*, not to apply tolling when other service is available. This is the same rationale that was rejected by the Legislature for cases involving service upon the Commissioner when it enacted the 1961 amendment to § 892. Furthermore, accepting defendant's argument would render the 1961 amendment virtually nugatory because the tolling it purports to make available would nearly always be inoperative provided the defendant was amenable to long arm service. We construe statutes, when possible, to avoid such results. See *Holton v. Dep't of Employment & Training*, 2005 VT 42, ¶ 21, 178 Vt. 147, 878 A.2d 1051 ("Our rules of statutory construction require us to consider the statute as a whole giving effect to a statute's every word, sentence, and clause, when possible."). Because statutes of limitation are strictly creatures of legislative construct, *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001) ("statutes of limitation[] were unknown at common law"), questions concerning the fairness or wisdom of singling out cases with nonresident defendants involved in motor vehicle accidents for application of tolling are best directed to that branch. See *Egri v. U.S. Airways, Inc.*, 174 Vt. 443, 445, 804 A.2d 766, 769 (2002) (mem.) (rejecting policy arguments for uniform limitation period for Fair Employment Practices Act claims as "better directed to the Legislature").

*Reversed and remanded.*