Andrews v. Stam (2006-354)

2007 VT 79

[Filed 17-Aug-2007]

 NOTICE: This opinion is subject to motions for reargument under V.R.A.P.
 40 as well as formal revision before publication in the Vermont Reports. 
 Readers are requested to notify the Reporter of Decisions, Vermont Supreme
 Court, 109 State Street, Montpelier, Vermont 05609-0801 of any errors in
 order that corrections may be made before this opinion goes to press.


 2007 VT 79

 No. 2006-354


 Anthony E. Andrews Supreme Court

 On Appeal from
 v. Addison Superior Court


 Kurt W. Stam May Term, 2007


 Matthew I. Katz, J.

 James W. Swift and Devin McLaughlin of Langrock Sperry & Wool, LLP,
 Middlebury, for Plaintiff-Appellant.

 Sheldon M. Katz of Clark, Long, Werner & Flynn, Burlington, for
 Defendant-Appellee.


 PRESENT: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

 
 ¶ 1. BURGESS, J. Plaintiff Anthony Andrews appeals a superior
 court order dismissing his claim of negligence against defendant Kurt Stam
 for personal injuries sustained when the parties were involved in a two-car
 accident in Vermont. Defendant moved to dismiss, based on plaintiff's
 failure to file suit within the three-year statute of limitations generally
 applicable to such claims. The superior court initially denied the motion,
 then later granted defendant's motion to reconsider and dismissed
 plaintiff's action. On appeal, plaintiff argues that the applicable
 statute of limitations is tolled when the defendant resides out of state
 and the suit concerns a motor vehicle accident in which the defendant was
 involved. We agree that the statute of limitations is tolled in this
 instance and reverse.

 ¶ 2. Plaintiff's complaint alleges that on January 19, 2002, he
 was traveling on Killington Road in Rutland when the car he was operating
 collided with a car operated by defendant. Defendant was and remains a
 resident of the State of New York and owns no real property in Vermont. 
 Plaintiff first filed suit against defendant in Rutland Superior Court on
 January 7, 2005, and attempted personal service in New York. The effort at
 personal service was unsuccessful, and the suit was eventually dismissed. 
 Plaintiff, with new counsel, filed the present case on December 6, 2005,
 and effectuated service on December 8, 2005 by serving the Vermont
 Commissioner of Motor Vehicles pursuant to 12 V.S.A. § 892. 

 ¶ 3. Defendant, in his motion to dismiss, maintained that
 plaintiff's second action was barred by the three-year statute of
 limitations in 12 V.S.A. § 512(4).(FN1) Plaintiff does not dispute that
 more than three years passed between the time the cause of action accrued
 and the commencement of his suit. Rather, plaintiff argues that the
 statute of limitations was tolled by 12 V.S.A. § 552, which provides:

 If a person is absent from and resides out of the state after
 a cause of action accrues against him and before the statute
 has run, and he has not known property within the state which
 can by common process of law be attached, the time of his
 absence shall not be taken as a part of the time limited for
 the commencement of the action.

 It is undisputed that defendant resided out of state for the entire period
 and had no property in Vermont. However, application of § 552 tolling has
 been significantly limited by case law where we have held that the section
 is inoperative when a defendant is amenable to service of process pursuant
 to the long arm statute, 12 V.S.A. § 913. Fortier v. Byrnes, 165 Vt. 189,
 192-93, 678 A.2d 890, 892 (1996). Defendant argues that Fortier controls
 and plaintiff should not have the benefit of tolling when defendant was
 subject to personal jurisdiction and amenable to service under the long arm
 statute. 

 ¶ 4. Plaintiff counters that there is an exception to Fortier's
 rule when the defendant has been served via the Commissioner of Motor
 Vehicles under 12 V.S.A. §§ 891 and 892. Those sections allow for service
 upon the Commissioner as agent for a defendant in actions regarding any
 accident in which a defendant was operating a motor vehicle. 
 Significantly, § 892(b) states that this manner of service "shall be in
 addition to all existing manner of service, rights and remedies, and the
 availability of such manner of service shall not make the provisions of
 section 552 of this title inoperative, relative to tolling of the statute
 of limitations." Plaintiff maintains that § 892(b) applies and explicitly
 requires that § 552's tolling provision be applied in this case,
 notwithstanding his ability to serve process under the long arm statute.
 
 ¶ 5. In support of his argument for application of § 892(b) to
 require tolling, plaintiff recounts the history of that statute. The
 original versions of what are now §§ 891 and 892, enacted in 1925, did not
 contain a provision equivalent to § 892(b). 1925, No. 70, § 120. 
 Accordingly, in 1959, we held that a tolling provision for nonresident
 defendants did not apply when the defendant could be served pursuant to §§
 891 and 892. Law's Adm'r v. Culver, 121 Vt. 285, 288-89, 155 A.2d 855,
 857-58 (1959) ("[The tolling] provisions were intended to apply only to
 defendants who, for the reasons therein stated, are not amenable to service
 of process under authority of this state within the two year period."). 
 Less than two years later, in 1961, the Legislature amended § 892 by adding
 the statement that availability of service to the Commissioner "shall not
 make the provisions of 12 V.S.A. § 552 inoperative, relative to the tolling
 of the statute of limitations." 1961, No. 134. From these circumstances,
 plaintiff infers that the 1961 amendment was a direct repudiation of Law's
 Administrator and an indication of the Legislature's intent for tolling to
 apply when service is made upon the Commissioner. See Thayer v. Herdt, 155
 Vt. 448, 452, 586 A.2d 1122, 1124 (1990) (noting that 1961 amendment was
 "in obvious response to the holding in Law's Administrator").

 ¶ 6. Defendant does not contest that the effect of the 1961
 amendment was to overrule Law's Administrator, but instead maintains that a
 subsequent amendment to the long arm statute should control. The long arm
 statute was amended in 1968 by adding § 913(b), which extended Vermont
 jurisdiction over individual parties residing out of state to include all
 "personal judgment" suits to the extent permitted by due process. 1967,
 No. 353 (Adj. Sess.), § 4; see Thayer, 155 Vt. at 452, 586 A.2d at 1124
 (describing expansion of personal jurisdiction). The statute also provides
 that the availability of personal service under § 913(b) is "alternative
 and not inoperative" to §§ 891 and 892 service to the Commissioner. 12
 V.S.A. § 913(c). This expansion of the long arm statute, according to
 defendant, supersedes any intent the Legislature had in allowing indefinite
 tolling for service to the Commissioner. The essential issue, finally, is
 whether the long arm statute, as amended in 1968 to permit service of
 process outside the state for personal judgment actions, effectively
 superseded the 1961 amendment to § 892(b). From this dog's breakfast of
 countervailing rules and exceptions, we conclude that it did not. 
 
 ¶ 7. In Thayer we first confronted the applicability of a
 nonresident-defendant tolling provision--for wrongful death claims in that
 case--to the expanded long arm statute. 155 Vt. at 451, 586 A.2d at 1124. 
 We noted that the question was analogous to application of tolling to the
 pre-1961 version of § 892: whether the Legislature intended to allow
 tolling for nonresident defendants despite the availability of a method of
 service. Id. We recalled our holding in Law's Administrator that tolling
 was not available when service upon the Commissioner was available because
 the purpose of tolling is to preserve a right of action during the time it
 is impossible to serve process. Id. We noted the 1961 amendment's effect
 in overruling Law's Administrator by mandating that tolling still apply to
 service upon the Commissioner and the Legislature's failure to include a
 similar provision in the long arm statute. Id. at 452-53, 586 A.2d at
 1124. We reasoned that omission from the long arm statute of anything
 analogous to § 892(b) exhibited legislative intent that the rationale of
 Law's Administrator and similar cases be applied to the long arm statute to
 make tolling inoperative when a defendant is amenable to service by that
 law. Id. at 452-53, 586 A.2d at 1124-25.
 
 ¶ 8. Defendant urges that plaintiffs should not be allowed to
 circumvent statutes of limitations by choosing to serve the Commissioner
 when the long arm statute makes personal service available at any time. 
 Defendant's argument essentially uses the same rationale as we did in Law's
 Administrator, not to apply tolling when other service is available. This
 is the same rationale that was rejected by the Legislature for cases
 involving service upon the Commissioner when it enacted the 1961 amendment
 to § 892. Furthermore, accepting defendant's argument would render the
 1961 amendment virtually nugatory because the tolling it purports to make
 available would nearly always be inoperative provided the defendant was
 amenable to long arm service. We construe statutes, when possible, to
 avoid such results. See Holton v. Dep't of Employment & Training, 2005 VT
 42, ¶ 21, 178 Vt. 147, 878 A.2d 1051 ("Our rules of statutory construction
 require us to consider the statute as a whole, giving effect to a statute's
 every word, sentence, and clause, when possible."). Because statutes of
 limitation are strictly creatures of legislative construct, Major League
 Baseball v. Morsani, 790 So. 2d 1071, 1077 (Fla. 2001) ("statutes of
 limitation were unknown at common law"), questions concerning the fairness
 or wisdom of singling out cases with nonresident defendants involved in
 motor vehicle accidents for application of tolling are best directed to
 that branch. See Egri v. U.S. Airways, Inc., 174 Vt. 443, 445, 804 A.2d
 766, 769 (2002) (mem.) (rejecting policy arguments for uniform limitation
 period for Fair Employment Practices Act claims as "better directed to the
 Legislature"). 

 Reversed and remanded.


 FOR THE COURT:



 _______________________________________
 Associate Justice

------------------------------------------------------------------------------


FN1. "Actions . . . shall be commenced within three years" for "injuries
 to the person suffered by the act or default of another person, provided
 that the cause of action shall be deemed to accrue as of the date of the
 discovery of the injury." 12 V.S.A. § 512(4).