NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 93

No. 2017-345

| | |
|---|---|
| Michael D. Messier | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Kay H. Bushman and The Standard Fire Insurance Company d/b/a Travelers | June Term, 2018 |

Mary Miles Teachout, J.

William L. Durrell of Bookchin & Durrell, P.C., Montpelier, for Plaintiff-Appellant.

Marie Peck Fabian of Miller Faignant & Fabian, P.C., Rutland, for Defendant-Appellee Bushman.

Kristin C. Wright of Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, for Defendant-Appellee Travelers.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Morris, Supr. J. (Ret.), Specially Assigned

¶ 1. **EATON, J.** On January 16, 2014, Michael Messier and Kay Bushman were involved in an auto accident in Berlin. Both were the drivers of their respective vehicles and were then-alleged to be Vermont residents. On January 13, 2017, shortly before the statute of limitations was to expire, Messier filed suit against Bushman and her auto insurer, Travelers, for damages he claimed to have sustained in the accident. The claim against Bushman sounded in negligence, the claim against Travelers asserted breach of the Vermont Consumer Protection Act (CPA). The trial court granted a motion for judgment on the pleadings filed by Bushman and a motion to dismiss

filed by Travelers. Messier appeals both decisions. We affirm as to Travelers, but reverse and remand concerning Bushman.

¶ 2. The background leading to the motion for judgment on the pleadings filed by Bushman is as follows. Messier attempted to serve Bushman with the summons and complaint by sheriff's service at her home. The deputy sheriff's return indicated two dates of attempted service, January 6 and February 1, 2017. The deputy sheriff indicated on his return that service was unable to be accomplished because "Ms. Bushman is in Europe for a semester for school purposes and may return in summer of 2017." No copy of the summons and complaint was left with anyone residing in the household.

¶ 3. Messier then attempted substituted service on Bushman through the Commissioner of Motor Vehicles, pursuant to 12 V.S.A. §§ 891-892. In relevant part, 12 V.S.A. § 892(a) requires that: a copy of the process be left at the Commissioner's office along with a $15 fee; a copy of the process with the officer's return showing service upon the Commissioner be sent by plaintiff to defendant by registered or certified mail; and an affidavit of compliance be filed with the process in court. Service on the Commissioner was made on February 21, 2017. On March 1, apparently in an attempt to comply with 12 V.S.A. § 892(a), Messier's counsel filed an affidavit with the trial court indicating the attempt to personally serve Bushman and enclosing that unsuccessful return of service, stating, "We sent by registered mail a copy of the summons, complaint and return of service to the Defendant at the . . . address listed above pursuant to 12 V.S.A. § 892(a)." The affidavit does not reference that service was made on the Commissioner or specify that the return of service that had allegedly been mailed to Bushman was the return documenting completion of service on the Commissioner.

¶ 4. A registered letter from Messier's counsel was received at Bushman's home on February 25. After speaking with her daughter, Bushman's mother opened the envelope received from Messier's counsel on March 4, 2017. In addition to the summons and complaint, she asserts

that the only return of service in the envelope was the return showing the unsuccessful attempt to serve her daughter at her residence. Bushman's mother also asserts neither the return showing service on the Commissioner nor Messier's counsel's affidavit were in the envelope.

¶ 5. Bushman filed an answer to the complaint on March 29, asserting insufficiency of service as an affirmative defense. The next day she filed what she styled as a motion for judgment on the pleadings pursuant to V.R.C.P. 12(c). Following responsive pleadings on the motion, the trial court granted Bushman's motion for judgment on the pleadings on the basis that neither personal nor substituted service had been accomplished on Bushman. In so doing, the court denied Messier's assertion that Bushman had waived any claim of insufficient service by failing to file a timely answer. Thereafter the trial court denied Messier's motion for relief from judgment.

¶ 6. Messier's claim against Travelers asserted that Travelers violated the CPA by engaging in unfair claims settlement practices as set forth in 8 V.S.A. § 4724(9). Plaintiff's complaint indicated that Travelers had made at least two settlement offers, which Messier felt were so low as to constitute unfair claims settlement practices under the CPA.

¶ 7. Travelers responded to the complaint with a motion to dismiss under V.R.C.P. 12(b)(6), asserting that Messier had no valid cause of action against Travelers under the CPA and that Messier was not a consumer under the terms of the CPA. Following responsive pleadings, the trial court granted Travelers' motion to dismiss, holding that Messier was not a consumer under the CPA and that Travelers did not commit any misleading act in commerce.

I. Judgment on the Pleadings Concerning Bushman

¶ 8. Bushman's motion for judgment on the pleadings, challenged, inter alia, the sufficiency of service of process. In granting the motion, the trial court entered judgment in favor of Bushman. Messier asserts both that the motion should have been denied and that the court

3

should have dismissed the action if there was insufficient service rather than enter judgment in favor of Bushman.

¶ 9.    Review of the grant of a motion to dismiss and the grant of a motion for judgment on the pleadings employ similar standards.  A motion to dismiss should not be granted unless "there exist no facts or circumstances" under which the nonmovant may be entitled to relief. Richards v. Town of Norwich, 169 Vt. 44, 48, 726 A.2d 81, 85 (1999) (quotation omitted).  On a V.R.C.P. 12(c) motion for judgment on the pleadings, the issue is whether, once the pleadings are closed, "the movant is entitled to judgment as a matter of law on the basis of the pleadings." Thayer v. Herdt, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990).  For the purposes of a motion for judgment on the pleadings "all well pleaded factual allegations the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." Id. (quotation omitted).  A defendant may not secure judgment on the pleadings if contained therein are "allegations that, if proved, would permit recovery." Id. (quotation omitted).

¶ 10.    The pleadings were not closed when the motion was filed, and the service issues were not apparent from the face of the pleadings.[1]  Although styled as a motion for judgment on the pleadings, the gravamen of the motion was that service of process had not been accomplished on Bushman.  Thus, the motion was akin to one seeking dismissal under V.R.C.P. 12(b)(5).[2]  This is a distinction with a difference.  Judgment on the pleadings, as the name suggests, results in a judgment and is an adjudication on the merits.  See V.R.C.P. 12(c) (explaining movant entitled to

---

[1]  For example, V.R.C.P. 15(a) afforded Messier the opportunity to amend his pleading once as a matter of right within twenty-one days after service of Bushman's answer.

[2]  We look to the relief sought, not the Rule cited, to determine the nature of the motion. V.R.C.P. 8 (explaining general rules of pleading); see also United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013) ("It is the relief sought, not [the] pleading's title that determines" nature of motion (quotation omitted)).

4

judgment as a matter of law); <u>Hebert v. Honest Bingo</u>, 18 P.3d 43, 46 (Alaska 2001) (stating purpose of Rule 12(c) motion is to "provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings" (quotation omitted)); <u>Zafer v. Hermann</u>, 419 P.3d 102 (Kan. Ct. App. 2018) (unpub. mem.) ("[A] motion for judgment on the pleadings contemplates a final judgment on the merits." (quotation omitted)). A dismissal for failure to properly serve the summons and complaint results in a dismissal and is not a merits adjudication. See V.R.C.P. 12(b)(6) (listing defenses, including lack of proper service); <u>Bank of N.Y. Mellon v. Johnston</u>, No. 2016-143, 2017 WL 578636, at *2 (Vt. Feb. 9, 2017) (unpub. mem.), https://www. vermontjudiciary.org/sites/default/files/documents/ eo16-143.pdf [https://perma.cc/DC3Z-4SYQ] (explaining that dismissal for failure to serve complaint within required time was dismissal for lack of jurisdiction and, as such, court did not err in dismissing without prejudice); <u>Lewis v. Moore</u>, 2017-Ohio-4049, 91 N.E.3d 334, ¶ 16 (holding that dismissal based on lack of personal jurisdiction resulting from failure to serve complaint within time requirements was not dismissal on merits).

¶ 11. Messier is correct that if the motion was properly granted, the relief should have been dismissal of the claims against Bushman, not a judgment in her favor.

¶ 12. Because this motion was properly one seeking dismissal for improper service, we disagree with Messier that in this context consideration of materials outside of the pleadings converted this motion into one for summary judgment. This would be true if the motion was actually one for judgment on the pleadings and materials beyond the pleadings are considered. <u>Lueders v. Lueders</u>, 152 Vt. 171, 172, 566 A.2d 404, 405 (1989). On a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or insufficiency of service of process, consideration of matters outside the pleadings is permissible. <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1010-11 (2d Cir. 1986). The court had "considerable procedural leeway" on how to determine the motion, including conducting an evidentiary hearing. <u>Roman Catholic Diocese</u>

5

of Burlington, Inc. v. Paton Insulators, 146 Vt. 294, 296, 501 A.2d 1187, 1188 (1985). Where, as here, written materials have raised issues of credibility or disputed issues of fact, an evidentiary hearing is preferable. Id.

¶ 13. In determining the motion, the trial court, without holding an evidentiary hearing, found that Messier did not send a copy of the return of service on the Commissioner to Bushman as required by 12 V.S.A. § 892(a). Additionally, the trial court found the affidavit by Messier's counsel insufficient to comply with 12 V.S.A. § 892(a) because it did not affirmatively state service had been made on the Commissioner or that a copy of the return on the Commissioner had been mailed to Bushman.

¶ 14. The statute on substituted service is clear that for the service to be sufficient, the return showing service on the Commissioner must be filed with the court and mailed to the defendant. 12 V.S.A. § 892(a). The plaintiff must give the defendant notice of the substituted service on the Commissioner by mailing a copy of that service to defendant to satisfy due process concerns. Law's Adm'r v. Culver, 121 Vt. 285, 290, 155 A.2d 855, 858 (1959), overruled on other grounds by Andrews v. Stam, 2007 VT 79, ¶ 6, 182 Vt. 482, 939 A.2d 455. Thus, if the Commissioner's return is not mailed to the defendant as provided in the statute, the substituted service is insufficient.

¶ 15. Here, the court lacked sufficient evidence to determine whether Messier completed § 892(a)'s requirements by providing Bushman with a copy of the return showing service on the Commissioner. Messier's counsel's affidavit from March 1 is not a paradigm of clarity as to which return(s) were mailed to Bushman, and it is unclear whether one or two returns of service were sent to her. Although critical to the service issue and required by 12 V.S.A. § 892(a), the affidavit did not identify that the return showing service on the Commissioner was being mailed to Bushman. The only return described with particularity in the affidavit was the return documenting the unsuccessful attempt at personal service. Providing a copy of that return of service to Bushman

6

was not necessary to comply with § 892(a) and did nothing to complete substituted service. Counsel's statement in opposition to the motion that "[t]he Commissioner's return was sent to Defendant Bushman's home address as indicated in the affidavit of compliance," is one possible construction of the affidavit, but it is not what the affidavit says and is by no means the only possible construction.[3] Moreover, it is not apparent that the trial court, in deciding the motion, considered Messier's assertion that the return of service the affidavit references as being mailed to Bushman was the one served on the Commissioner. Thus, the affidavit of compliance references by description and includes an unsuccessful return of service, which was not necessary to comply with § 892(a), and fails to describe with specificity or reference the return of service that § 892(a) requires to be mailed to the defendant to comply with the statute.

¶ 16. The issues concerning what was included in the mailing and whether the affidavit contained sufficient specificity to comply with § 892(a) were contested and needed to be resolved through factual determination by the trial court. The trial court's decision does not acknowledge the parties' competing assertions regarding compliance with § 892. In describing the mailing to Bushman's home, the trial court stated, "it did not include the return of service on the commissioner of motor vehicles as required by § 892(a)." In determining the motion, the trial court said that "service on the Commissioner required that Messier send a copy of the return of service on the Commissioner to Ms. Bushman and he never did." We recognize that statutes concerning substituted service must be complied with strictly. Brammel v. LaRose, 105 Vt. 345, 349, 165 A. 916, 917 (1933) (statute on substituted service is to be strictly construed, but not so strictly as to defeat its purpose). The substituted service "statute is narrowly drawn to fit a need; it provides all the procedural safeguards for due process of law." Emerson v. Carrier, 119 Vt. 390, 393, 125 A.2d 822, 824 (1956). While the trial court would have been within its purview to

---

[3] If Bushman's mother's version of events is found to be credible, no return was mailed to Bushman.

7

reconcile the conflicting evidence in favor of either side, its failure to at least acknowledge Messier's assertion that the affidavit was referring to the Commissioner's return suggests that the court did not consider all the evidence it had before it. Roman Catholic Diocese of Burlington, Inc., 146 Vt. at 296, 501 A.2d at 1188 (holding that in ruling on motion to dismiss trial court erred in determining conflicting issues of fact on basis of affidavits without conducting evidentiary hearing). We disagree with the trial court's observation in the motion for relief from judgment that Messier had not sufficiently raised the competing evidence regarding the return of service dispute. He had. Accordingly, unless the insufficiency of service defense was waived by Bushman, remand for further proceedings in the V.R.C.P. 12(b)(5) context is necessary to enable the trial court to resolve the competing evidence regarding compliance with 12 V.S.A. § 892(a).[4]

## II. Waiver of Insufficient Service Defense

¶ 17.    Messier asserts that the trial court erroneously found that Bushman had not waived any opportunity to contest the service-of-process issue because her answer was filed out of time. We find there has been no waiver under the facts here.

¶ 18.    As a starting premise, Messier claims that Bushman had actual notice of the suit against her on February 25, 2017 but did not file an answer until March 29. The record is unclear as to when Bushman received actual notice of the attempt to sue her, but the February 25 date is when the envelope was received at the Bushman house from Messier's counsel. There is no evidence in the record that Bushman was aware of the contents of the envelope on that date. The affidavit filed by Bushman's mother indicates the envelope from Messier's counsel was not opened until March 4, 2017. Her mother's affidavit does not establish when Bushman was informed of the contents of the envelope, providing her with actual notice, but there is nothing indicating that

---

[4]    We decline to address Messier's arguments concerning the potential application of 12 V.S.A. § 558, which pertains to commencement of a new action following the failure of an original action under certain circumstances. Those arguments are not properly before the court in this, the original, action.

she knew of the contents before her mother did. It is, therefore, not clear that Bushman's answer was filed out of time, but at worst it was late by approximately four days. Consistent with V.R.C.P. 12(h), we have recognized that an objection to insufficient service of process may be waived. Myers v. Brown, 143 Vt. 159, 165, 465 A.2d 254, 257 (1983). In Myers, counsel for Brown had actual notice of the action, yet did not appear before a default judgment had been entered. We stated:

> But when the party has received actual notice of the suit there is no due process problem in requiring him to object to the ineffective service within the period prescribed by Rule 12(h)(1) and the defense is one that he certainly can waive if he wishes to do so. His failure to do what the rule says he must do if he is to avoid a waiver might well be taken as being a waiver. Furthermore, a more permissive construction would sharply reduce the effectiveness of Rule 12(h)(1).

Myers, 143 Vt. at 166, 465 A.2d at 258 (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1391, at 857-58 (1969)) (emphasis omitted).

¶ 19. There are sound reasons, including judicial efficiency, to require a party asserting insufficient service of process to come forward with the defense at the early stages of the litigation or risk waiver. But Myers does not stand for the broad proposition Messier attributes to it. In Rollo v. Cameron, 2013 VT 74, ¶ 10, 194 Vt. 499, 82 A.3d 1184, we interpreted Myers to mean that where a party has actual notice of the suit and later suffers a default, the failure to plead defective service constitutes a waiver of the issue on appeal. Unlike in Myers, here there was no default judgment entered during the time before Bushman appeared in the action. This case is also unlike In re Stocker, 133 Vt. 161, 163, 333 A.2d 92, 93 (1975), where we found waiver when the party waited for 13 months on appeal to raise the insufficient service issue. Further, there is no evidence that the short delay in raising the service issue, if there was one, resulted in unnecessary delay and avoidable expense.

9

¶ 20. <u>Myers</u> requires a person with actual notice of a suit against him or her to raise all jurisdictional objections listed in V.R.C.P. (12)(h) within the time and in the manner prescribed in that rule. Failure to do so results in a waiver of those defenses. However, Rule 12(h) does not contain a specific time requirement in which to raise the defense, nor does it incorporate the time requirement of Rule 12(a). Therefore, we do not agree with Messier that <u>Myers</u> mandates waiver of a defense such as improper service if not raised by motion or answer within the time allowed for answer under V.R.C.P. 12(a) following actual notice. We clarify, however, that the <u>Myers</u> time requirement applies to the need to raise the defense at the time of the initial filing of either an answer or, in the alternative, a motion under Rule 12 and the failure to do so at that time will result in a waiver of the V.R.C.P. 12(h)(1) defenses. This does not mean an answer filed a few days late, if this one was, which raised the defense of insufficient service of process in it had waived the defense under <u>Myers</u> because the answer was "untimely." V.R.C.P. 12(h)(1). We are hard-pressed to believe any court would grant or sustain a default in the circumstances of this case had one been sought prior to the answer being filed, which it was not.

¶ 21. Our Rule 12, like its federal counterpart, does not call for the assertion of the defense of insufficient service of process within the time provided by V.R.C.P. 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by initial motion or included in the responsive pleading should that be filed first. 5 Wright & A. Miller, <u>supra</u>, § 1391, at 519. As Wright and Miller further observe, if the passage of time is not serious enough to justify denying the defendant the right to respond, then her right to include a Rule 12(b)(2)-12(b)(5) defense should not be extinguished. <u>Id</u>. at 520. The delay in filing the answer was de minimis, if late at all. No action had been taken in the suit in the interim. There was no waiver here.

### III. Motion to Dismiss Travelers

¶ 22. Messier's claim against Travelers is brought under the CPA, but references what he identifies as three unfair claims settlement practices under 8 V.S.A. § 4724(9), part of the

10

Insurance Trade Practices Acts (ITPA): (1) "refusing to pay claims without conducting a reasonable investigation"; (2) "not attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear"; and (3) "failing to promptly provide a reasonable explanation on the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

¶ 23. The ITPA provides for administrative sanctions against unfair and deceptive practices in the insurance industry. It does not create a private right of action. Wilder v. Aetna Life & Casualty Ins., 140 Vt. 16, 19, 433 A.2d 309, 310 (1981). Administrative, not civil, remedies are available for violations of the act. City of Burlington v. Hartford Steam Boiler Inspection & Ins., 190 F. Supp. 2d 663, 684 (D. Vt. 2002).

¶ 24. Regardless of the absence of a private right of action under the ITPA, Messier's claim under the CPA suffers from other shortcomings. The CPA makes unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce unlawful. 9 V.S.A. § 2453(a). The purpose of the CPA, previously known as the Consumer Fraud Act, is to protect citizens from unfair and deceptive acts in consumer transactions. Wilder, 140 Vt. at 18, 433 A.2d at 310. In order to recover under the CPA, a plaintiff must establish that they are a consumer. Rathe Salvage, Inc. v. R. Brown & Sons, Inc., 2012 VT 18, ¶ 26, 191 Vt. 284, 46 A.3d 891. The CPA defines a consumer in pertinent part as "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his or her trade or business but for his or her use or benefit or the use or benefit of a member of his or her household . . . ." 9 V.S.A. § 2451a(a).

¶ 25. Here, Messier did not purchase anything from Travelers, who was Bushman's insurer. Further, he did not lease, contract, or otherwise agree to pay consideration to them for goods or services used in his household. His only connection with Travelers is that Bushman happens to be insured by them, a circumstance having nothing to do with Messier. Messier is not

11

a consumer with respect to the Travelers insurance policy and therefore he has no CPA claim against them.[5]

Reversed and remanded for further proceedings consistent with this opinion concerning the claim against Bushman.  The dismissal of the claim against Travelers is affirmed.

FOR THE COURT:

Associate Justice

---

[5] Because it is not necessary for our decision, we do not decide whether recent amendments to the CPA bring insurance within the scope of "goods" or "services" under 9 V.S.A. § 2451a(b).