# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 109-9-19 Vtec

| R.L. Vallee Determination Request |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Other Civil Action (109-9-19 Vtec)

Title:      Motion to Dismiss (Motion 2)

Filer:      Town of Colchester

Attorney:   Brian P. Monaghan

Filed Date: October 17, 2019

Response in Opposition filed on 10/29/2019 by Attorney Jon T. Anderson for
        Appellant R.L. Vallee, Inc.

Response in Opposition filed on 11/01/2019 by Attorney David L. Grayck for
        Interested Person Timberlake Associates, LLP

Reply in Support filed on 11/12/2019 by Attorney Brian P. Monaghan for the
        Town of Colchester

Further Reply filed on 12/05/2019 by Attorney Brian P. Monaghan for the Town of Colchester

**The motion is GRANTED.**

This matter relates to a gas station proposed by Costco Wholesale Corporation ("Costco") on property located as 218 Lower Mountain Drive in Colchester. R.L. Vallee, Inc. ("Vallee") appeals from a letter sent by Sarah Hadd ("Ms. Hadd"), Director of Planning and Zoning for the Town of Colchester ("the Town"), indicating that the Colchester Development Review Board ("DRB") would not hear an appeal of Vallee's request for a determination from the Town Zoning Administrator. Presently before the Court is the Town's Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

Vallee is represented by Jon T. Anderson, Esq. and Alexander J. LaRosa, Esq. The Town is represented by Brian P. Monaghan, Esq. and Christian S. Chorba, Esq. Timberlake Associates, LLP ("Timberlake") is participating as an interested person and is represented by David L. Grayck, Esq. Costco is an intervenor in this matter and is represented by Mark G. Hall, Esq.

In the interest of providing context and clarity to the pending motion, we provide the following background.[1]

On August 27, 2015, this Court issued a Merits Decision granting Act 250, municipal site plan, and municipal final plat approvals to Costco for a gas station and other site improvements at its Colchester facility, subject to conditions.[2] *See* In re Costco Stormwater Discharge Permit, Nos. 75-6-12 Vtec, 104-8-12 Vtec, 132-10-13 Vtec, 41-4-13 Vtec, and 59-5-14 Vtec (Vt. Super. Ct. Envtl. Div. Aug. 27, 2015) *aff'd*, 2016 VT 86. The approvals were conditioned on the completion by Costco of certain roadway improvements to mitigate traffic concerns. *See* id. at 13–14, 37–38, 41–47. In 2018, Costco filed a request with the District #4 Environmental Commission ("District Commission") to amend the Act 250 approval to allow operation of the gas station during certain "off peak" hours prior to the construction of the required traffic mitigation. The Court is aware that the District Commission has approved Costco's permit amendment application, and that Valley has appealed that determination to this Court.

On July 22, 2019, Vallee's counsel sent a letter to Lisa Riddle, the Town Zoning Administrator ("ZA"), requesting a ruling that "Costco must apply for and obtain an amendment to the Final Plat and Site Plan approval . . . prior to Costco opening its fueling station for limited hours as proposed to [the District Commission in the Act 250 process]." The ZA did not respond to Vallee's request. The Court understands that Costco has not opened its gas station, even for abbreviated hours.

On August 29, 2019, Vallee's counsel sent another letter to the ZA asserting that the failure to respond within 30 days constituted either (1) "deemed approval" of Vallee's request pursuant to 24 V.S.A. § 4448(d) or (2) a decision subject to appeal to the DRB. Vallee enclosed a completed appeal form and a check for the filing fee. The same letter asked the DRB to rule, on appeal, that "a) Vallee's request to [the ZA] is deemed approved, b) Costco must apply for and obtain an amendment to the [municipal approval], and c) such approval must be through the DRB process."

Vallee received a reply letter from Ms. Hadd, the Town of Colchester Director of Planning and Zoning, on September 17, 2019. Ms. Hadd set forth the Town's position that Vallee's initial letter to the ZA was a "request for an advisory opinion regarding a hypothetical land use on another landowner's property" and therefore the ZA was under no obligation to respond. In addition, Ms. Hadd stated that the DRB was "without jurisdiction to hear [Vallee's] request for an appeal, and will not be taking any action on [Vallee's] request." She returned Vallee's appeal and the check for the filing fee.

Vallee has appealed Ms. Hadd's letter to this Court, asking that we: (1) hold that the rejection of Vallee's appeal to the DRB was improper and that the appeal should have been docketed, (2) decide whether the ZA "has the power to determine whether or not Costco requires an amendment" to the municipal approvals "if Costco wants to open its fueling station under

---

[1] The following is a summary of events leading up to this appeal, based in part on exhibits attached to the Notice of Appeal and certain allegations by Vallee. It is not intended to represent the findings or conclusions of the Court.

[2] The decision encompassed other issues which are not relevant to the matter presently before us.

limited hours prior to the construction of roadway improvements," and, if we find that the Town was not required to docket the appeal with the DRB, (3) determine whether Costco needs an amendment to the municipal approvals "if Costco wants to open its fueling station under limited hours prior to the construction of roadway improvements."[3] *See* Notice of Appeal, filed Sept. 26, 2019; Statement of Questions, filed Sept. 26, 2019.

The Town moves to dismiss Vallee's Questions pursuant to V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. The parties have also exchanged cross-motions for summary judgment.

A motion to dismiss pursuant to V.R.C.P. 12(b)(6) for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle Vallee to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted). Solely for the purpose of reviewing this dismissal motion, we note that we are directed to take all well-pleaded factual allegations as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).

When reviewing a V.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, we similarly accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citation omitted). On a motion to dismiss for lack of subject matter jurisdiction, "consideration of matters outside the pleadings is permissible." Messier v. Bushman, 2018 VT 93, ¶ 12, 208 Vt. 261 (citation omitted).

---

[3] Vallee Questions on appeal are as follows:

1. Did Colchester violate Vermont law by rejecting Vallee's appeal to the Colchester Development Review Board?

2. Was Colchester required by law to refer Vallee's appeal to the Colchester DRB?

3. Was Director Hadd empowered to reject Vallee's appeal to the DRB?

4. Was Director Hadd empowered to issue a ruling as to Vallee's July 22nd request to Zoning Administrator Riddle?

5. Does the Colchester Zoning Administrator have the power to determine whether a permit amendment is required?

6. Does the Colchester Zoning Administrator have the power to determine whether or not Costco requires an amendment to the Final Plat and Site Plan approval issued pursuant to the Environmental Court's ruling in Docket No. 104-8-12 Vtec if Costco wants to open its fueling station in a manner different from which was approved and authorized under the above-described Final Plat and Site Plan approval?

7. Since the Colchester Zoning Administrator did not act on Vallee's request dated July 22, 2019 within 30 days, is the request deemed approved pursuant to 24 V.S.A. § 4448(d)?

8. If Colchester was not required to send the appeal to the DRB and this Court has jurisdiction over the substance of Vallee's July 22, 2019 request, does Costco need an amendment the [sic] Final Plat and Site Plan approval issued pursuant to the Environmental Court's ruling in Docket No. 104-8-12 Vtec if Costco wants to open its fueling station under limited hours prior to the construction of roadway improvements at Lower Mountain View Drive and Upper Mountain View Drive as was required by the Environmental Court in approving Costco's Final Plat and Site Plan application in Docket No. 104-8-12 Vtec?

The Town's dismissal motion contains two primary arguments. First, the Town asserts that the ZA had no statutory authority or obligation to act on Vallee's request for a determination or advisory opinion and therefore both the DRB and this Court lack jurisdiction to consider the matter. Second, the Town contends that Vallee's request to the ZA was not deemed approved pursuant to 24 V.S.A. § 4448(d) because there was no pending application for any land use approval.

At the outset, we note that Vallee's subsequent filings indicate that it has withdrawn Question 7 regarding deemed approval. If not withdrawn, Question 7 must be dismissed because Vallee has not alleged or even suggested that the ZA "fail[ed] to act with regard to a complete application for a permit." *See* 24 V.S.A. § 4448(d); *see also* In re Wood NOV & Permit Applications, 2013 VT 40, ¶ 40, 194 Vt. 190 (noting that a "complete application" is required to trigger § 4448(d)); Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5 (discussing the standard for dismissal pursuant to V.C.R.P. 12(b)(6)).

At the heart of the Town's motion is its argument that Vallee's initial letter to the ZA amounted to a request for an advisory opinion which the ZA had no obligation or authority to render. As a result, the Town contends, Vallee's subsequent appeals to the DRB and this Court present no actual case or controversy to be decided. *See* In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 ("We must have an actual case or controversy before us to render a decision") (*citing* Parker v. Town of Milton, 169 Vt. 74, 77 (1998)). This is a question of jurisdiction. Thus, at this stage we will consider all of Vallee's uncontroverted allegations and the exhibits attached to its Notice of Appeal in the light most favorable to Vallee. *See* In re Bennington Sch., Inc., 2004 VT 6, ¶ 19, 176 Vt. 584 ("Our jurisdiction is limited to issuing opinions determining actual controversies between parties.") (citation omitted); *see also* Rheaume v. Pallito, 2011 VT 72, ¶ 2; Messier v. Bushman, 2018 VT 93, ¶ 12.

Even when viewed in that most favorable light, the information Vallee puts forward shows a succession of requests for advisory opinions based on a hypothetical land use on someone else's property that has not yet occurred and has not been presented to the Town in a land use application. To begin, Vallee's initial letter to the ZA requested a ruling that Costco must obtain an amendment to preexisting municipal approvals "prior to" opening its gas station under modified hours. Vallee's letter suggests that Costco's proposed land use will be the same as the proposal Costco submitted to the Act 250 District Commission. *See* Notice of Appeal, Exhibit 2, filed Sept. 26, 2019. There is no mention of a proposal by Costco submitted to the Town, nor is there any allegation that Costco actually opened its gas station in violation of existing permit conditions or municipal bylaws. In effect, Vallee's request to the ZA was the same as its Question 8 before this Court: Vallee sought a determination that Costco must obtain an amendment to certain municipal approvals "*if* Costco wants to open its fueling station under limited hours." *See* Statement of Questions, filed Sept. 26, 2019 (emphasis added).

Zoning administrators have certain duties and powers prescribed by statute. A zoning administrator must "administer the bylaws literally and shall not have the power to permit any land development that is not in conformance with those bylaws." 24 V.S.A. § 4448(a). If a zoning administrator "fails to act with regard to a complete application for a permit within 30 days . . . a permit shall be deemed issued on the 31st day." 24 V.S.A. § 4448(d). Pursuant to 24

V.S.A. § 4452, a zoning administrator must institute an enforcement action to prevent or abate identified municipal violations.

Vallee does not point to any statute or bylaw imposing a duty on the ZA to opine whether a future land use that may or may not occur on another's property will require a permit or permit amendment. This is not a case where an applicant alleges that the ZA failed to act on a permit application. *Cf.* In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 11, 195 Vt. 586 (considering whether a ZA complied with 24 V.S.A § 4448(d)). This is not a case challenging a permit approval or denial, or the issuance of a notice of an alleged zoning violation. *Cf*. In re Wood NOV & Permit Applications, 2013 VT 40, ¶¶ 5–10, 194 Vt. 190 (recounting a long procedural history of permit approvals, rejections, violations, and appeals). Nor is this a case seeking the enforcement of zoning bylaws with respect to a present land use. *Cf*. In re Charlotte Farm & Mills, 172 Vt. 607, 607–608 (2001) (zoning administrator's determination that a sawmill operation was consistent with an existing permit was appealable to the zoning board of adjustment) (mem.)

Vallee argues that it is within the power of a zoning administrator to give an opinion "as to whether a potential project would require any number of permits," and the failure to do so constituted a "failure to act" which was appealable to the DRB and this Court. According to Vallee, the ZA could not fulfil her duty to "provide an applicant with forms . . . to obtain any [required] municipal permit or other municipal authorization" without first determining whether authorization is required. *See* 24 V.S.A. 4448(c). In making its argument, Vallee overlooks the simple fact that this case involves no applicant, proposal, or action in violation of a current permit or the current Bylaws.

Vallee also argues that this Court's decision in In re Chamberlin implicitly ruled that zoning administrators may issue appealable advisory opinions. *See* In re Chamberlin, No. 123-7-04 Vtec (Vt. Envtl. Ct. May 31, 2005) (Wright, J.). This is so, Vallee contends, because the Chamberlin Court found that the Town of Northfield Zoning Board of Adjustment (ZBA) lacked jurisdiction to render an advisory interpretation of a zoning ordinance "in the absence of an appeal . . . from the [ZA]'s initial interpretation." *See* id. at 6.

The facts of Chamberlin are not analogous to the situation here, and the case does not stand for Vallee's proposition. In Chamberlin, a landowner filed a "[r]equest for interpretation of zoning ordinance" with the ZBA for the purpose of gaining permission to open a garage at his home. *See* id. at 2 (quotations omitted). As the Court explained, the landowner "could have raised his interpretation issue by applying for a zoning permit" with the ZA, but instead "he made a request directly to the ZBA for interpretation . . . and as the 'relief requested' sought 'permission to open a garage.'" *See* id. at 4–5. The Court's ruling was that the ZBA had no jurisdiction to issue an advisory interpretation without an appeal from the ZA's "initial interpretation or decision or an application . . . that is within the jurisdiction of the ZBA in the first instance." Id. at 6.

The Court's decision was based largely on local ordinances which have no bearing here, and the implication, if any, is that the landowner should have obtained an interpretation of the zoning ordinance in the context of a proper permit application filed with the ZA. *See* id. at 4–6. Thus, the Chamberlin precedent which Valley references actually supports the opposite

conclusion: that the ZA in the case at bar was not authorized to provide the impermissible advisory opinion that Valley once sought and is now seeking from this Court.

We agree that zoning administrators routinely provide informal advisory opinions to landowners and neighbors as to whether a hypothetical project requires a permit, but we can find no statutory obligation to do so. Mere guidance of this type, or the lack thereof, is not an appealable "decision or act taken by the administrative officer" pursuant to their statutory duties. *See* 24 V.S.A. § 4465(a); *see also* 24 V.S.A. § 4472(a) ("[T]he exclusive remedy . . . with respect to any decision or act taken, or failure to act, *under this chapter* . . . shall be the appeal to the appropriate [municipal] panel.") (emphasis added). Such guidance has no legal impact on the rights of interested parties, absent a finding of reliance giving rise to estoppel. *See* In re Langlois/Novicki Variance Denial, 2017 VT 76, ¶¶ 26, 29, 205 Vt. 340 (where the application of equitable estoppel prevented a town from enforcing its zoning regulations when the landowner detrimentally relied on the ZA's inaccurate conclusion that no permit was needed); *see also* In re Griffin, 2006 VT 75, ¶¶ 18–22, 180 Vt. 589 (discussing requirements for equitable estoppel).

Vallee's final argument concerning the ZA asks this Court to apply the law which relates to jurisdictional opinions in the Act 250 context. In Act 250 matters, "any person may . . . request a jurisdictional opinion from the district coordinator concerning" the applicability of regulations to "an activity which might or might not" be subject to regulation. *See* 10 V.S.A. § 6007(c). Yet, as Vallee points out, "[a] request for a jurisdictional opinion is a unique procedure, since it in effect is a statutory authorization for a district coordinator, and this Court on appeal, to render an advisory opinion as to whether a proposed development requires a state land use permit." In re WhistlePig, LLC Act 250 JO, No. 21-2-13 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. Apr. 11, 2014) (Durkin, J.). Vallee urges us to adopt a similar procedure here, giving municipal zoning administrators the power and obligation to render formal advisory opinions with legal effect. There is no statute providing for such a procedure in the municipal context, and we decline to create an entirely new system of municipal zoning review by judicial fiat.

The ZA was not obligated to respond to Vallee's request for an opinion regarding a hypothetical land use on Costco's property. Any determination from the ZA would have been purely advisory, since Costco had not opened its gas station, proposed to open its gas station, or applied for any approval to do so. Vallee's appeal to the DRB, requesting a finding that Costco needed an amendment to its existing approvals before opening the gas station, was likewise a request for an unauthorized advisory opinion which would have no legal effect. *See* In re 232511 Investments, Ltd., 2006 VT 27, ¶ 18, 179 Vt. 409 (DRB statements concerning what would be required "if the [landowner] applied to amend" a designation "had no effect" because the landowner "did not actually file such an application"). Finally, this Court lacks jurisdiction to consider Vallee's request because "the question . . . is hypothetical, and any conclusion we might reach would be advisory." *See* id. ¶ 19 (citing In re Bennington Sch., Inc., 2004 VT 6, ¶¶ 18–19, 176 Vt. 584); *see also* In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); Parker v. Town of Milton, 169 Vt. 74, 77 (1998) (courts lack the power to issue advisory opinions) (citation omitted).

Vallee contends that we should remand the matter for consideration by the DRB regardless of the merits of the underlying request, because the Town improperly rejected the appeal by way of a letter from a Town official. Whether to issue a remand order is "an area of trial court discretion." In re Maple Tree Place, 156 Vt. 494, 501 (1991). While we find the procedures employed at the Town somewhat concerning, a remand in this case would do nothing more than create a needless round of further appeals. The litigation surrounding Costco's effort to open a gas station has persisted for many years in various forms, with procedural gamesmanship sometimes occurring on all sides. In this instance, no revision of substance has happened or even been proposed on the site. No decision from the DRB or this Court in relation to Vallee's current request will change the position or rights of the parties. If, as Vallee suggests, Costco does decide to move forward with a modified proposal or a change in land use, there will then be opportunities to resolve any outstanding issues, either by way of a permit amendment application or a threatened zoning enforcement action.[4]

Furthermore, we recognize that trial courts are always under the "independent obligation to determine whether subject-matter jurisdiction exists" in the legal issues presented. In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) (*quoting* Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." V.R.C.P. 12(h)(3).

In this case, we conclude that we do not have jurisdiction to hear Vallee's appeal. The Environmental Division is a Court of limited appellate jurisdiction; our authority is narrowly defined. Pursuant to 24 V.S.A. §§ 4471 and 4472, an interested person "may appeal a decision rendered . . . by an appropriate municipal panel to the Environmental Division." *See* 24 V.S.A. § 4471, 4472. In our de novo review of municipal decisions, this Court sits in the shoes of the relevant municipal panel. V.R.E.C.P. 5(g); In re Feeley Constr. Permits, Nos. 4-1-10 Vtec and 5-1-10 Vtec, slip op. at 11–13 (Vt. Super. Ct. Envtl. Div. Jan. 3, 2011) (Wright, J.) (citing In re Maple Tree Place, 156 Vt. 494, 500 (1991)). Thus, our review is limited to those issues raised before and considered by the municipal panel below. *See, e.g.*, In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); *see also* In re Maple Tree Place, 156 Vt. at 500 ("[T]he superior court is limited to consideration of the matters properly warned as before the local board.").

While Vallee's notice of appeal follows the proper form, we note that it does not seek review of any "decision rendered" by the DRB. *See* 24 V.S.A. § 4471. Instead, Vallee seeks to appeal "the Decision(s) incorporated in a certain letter"[5] from Ms. Hadd, a letter which stated quite clearly that the DRB would not hear Vallee's appeal in the first instance. Vallee's request for a ruling "that Colchester was required to docket Vallee's appeal with the DRB" highlights the jurisdictional problem: the DRB itself never heard or considered Vallee's appeal. In our appellate capacity, we cannot rule on issues which were never presented to or decided by the DRB. *See* In

---

[4] We gather that resolution through negotiation between the parties is not realistic in this dispute.

[5] *See* Notice of Appeal, filed Sept. 26, 2019; Statement of Questions, filed Sept. 26, 2019.

re Maple Tree Place, 156 Vt. at 500. Whatever the merits of Vallee's contentions, there is no decision of an appropriate municipal panel to appeal from. Vallee's request for a remand further illustrates the problem. We cannot remand to a lower tribunal which never took up the matter in the first place. We recite these propositions as additional support for our decision to grant the Town's motion.

For the foregoing reasons, we **GRANT** the Town's motion to dismiss. The dismissal of this appeal renders the remaining cross-motions for summary judgment **MOOT**.

This concludes the matter presently before the Court. A Judgment Order issues alongside this Entry Order.

**So Ordered.**

Electronically signed on May 12, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Jon T. Anderson (ERN 1856), Attorney for Appellant R.L. Vallee, Inc.

Alexander J. LaRosa (ERN 5814), Co-counsel for Appellant R.L. Vallee, Inc.

Brian P. Monaghan (ERN 1186) and Christian S. Chorba (ERN 9179), Attorneys for
the Town of Colchester

David L. Grayck (ERN 4510), Attorney for Interested Person Timberlake Associates, LLP

Mark G. Hall (ERN 2537), Attorney for Intervenor Costco Wholesale Corp.