VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00040
Docket No. 23-ENV-00039



| Clark CU & AU Appeal |
| --- |

**ENTRY REGARDING MOTION**

Title:        Motion for Partial Judgment on the Pleadings (Motion: 1)
Filer:        Jonathan T. Rose, Esq.
Filed Date:   August 14, 2023

Interested Person Marilyn Ganahl Opposition to Partial Motion for Judgment on the Pleadings, Cross-Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike, filed on September 5, 2023, by Attorney Claudine Safar.

Appellant/Applicant's Consolidated Reply in Support of Motion for Partial Summary Judgment and Opposition to Interested Person Ganahl's Cross-Motion for Judgment on the Pleadings, filed on September 19, 2023, by Attorney Jonathan Rose.

**The motions are GRANTED IN PART and DENIED IN PART.**

In this coordinated appeal, Kyle and Katie Clark (Applicants) appeal two decisions of the Town of Lincoln Zoning Board of Adjustment (ZBA) related to their application to site a landing area for airplanes at their property located at 432 Orchard Road North, Lincoln, Vermont (the Project).  In the first, Applicants appeal a decision of the ZBA denying their application for an accessory use permit for the Project (the Accessory Use Appeal).  In the second, Applicants appeal a decision of the ZBA denying their application for a conditional use permit for the Project (the Conditional Use Appeal).  Presently before the Court are Applicants' and Interested Person Marilyn Ganahl's cross-motions for partial judgment on the pleadings on Accessory Use Appeal

Question 5 and Conditional Use Appeal Question 8, which generally address the issue of federal preemption.[1]

## Legal Standard

Pursuant to V.R.C.P. 12(c), judgment on the pleadings is appropriate when "the movant is entitled to judgment as a matter of law on the basis of the pleadings." Messier v. Bushman, 2018 VT 93, ¶ 9, 208 Vt. 261 (quotation omitted). When reviewing a motion for judgment on the pleadings, we assume "all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be draft therefrom" are true and "all contravening assertions in the movant's pleadings" are false. Thayer v. Herdt, 155 Vt. 448, 456 (1990) (quotation omitted).

## Discussion

There is one fact that is relevant to the pending motion. That is that the Project is for an airstrip at the Clark's home. This is established in the pleadings, including Applicant's notice of appeal, which attaches the relevant decisions. See Applicant's Notices of Appeal (filed on April 23 and 25, 2023).

The parties move for judgment on the pleadings relative to Accessory Use Appeal Question 5 and Conditional Use Appeal Question 8. These Questions as:

> 5. Is review of aircraft operation as an accessory use or other review under the [Lincoln Zoning Regulations] preempted in part by the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.*?
> 8. Is review of aircraft operation as a conditional use preempted in whole or in part by the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.*?

Applicant's Statements of Questions (both filed May 16, 2023).

The parties do not dispute that federal law partially preempts local zoning review for aircraft operations. Instead, the parties dispute the scope of zoning review because of federal preemption. Applicants offer that Vermont case law establishes broad federal preemption of zoning review to the point of functional elimination. Ms. Ganahl asserts that the federal law

---

[1] Ms. Ganahl's motion includes an alternative motion to strike in its title but does not elaborate on this motion.

Additionally, also appearing in this matter as interested parties are Mark and Stephanie Atkins, Louella Bryant, Sarah Farr, Christine Fraioli, Michelle Ann Hall, Sarah Laird, Michael O'Connor, Louise Rickard, and Jacquelyn Tuxill (together, Interested Parties). The Interested Parties did not file memoranda regarding the pending motion.

preempts a narrow scope of zoning review. The Court's review of the relevant law shows that federal preemption of local zoning for aircraft operations is neither as broad as Applicant's propose nor as narrow as Ms. Ganahl proposes.

The Vermont Supreme Court has addressed the Federal Aviation Act's (FAA) preemption of local zoning in In re Request of Jurisdictional Opinion re: Changes in Physical Structures & Use at Burlington Int'l Airport For F-35A (hereinafter F-35A). 2015 VT 41, 198 Vt. 510. In F-35A, the Vermont Supreme Court recognized that "Congress has occupied the entire field of regulations related to aircraft noise, and attempts by local governments to enforce their police powers to control noise or affect flight patterns are preempted." Id. at ¶ 28 (citing Price v. Charter Twp. Of Fenton, 909 F.Supp. 498, 502—03 (E.D.Mich. 1995)). In so concluding, the F-35A Court expressly recognized that "[a] local entity retains control over land-use regulation . . . ." Id. at ¶ 30. This control, however, "cannot, under the pretense of its zoning power, attempt to regulate those flight operations to quell airplane noise." Id. (quoting Price, 909 F.Supp. at 504; Harrison v. Schwartz, 319 Md. 360, 572 A.2d 528, 534 (1990) ("A zoning ordinance that does not regulate aircraft noise emissions or the actual conduct of flight operations may withstand a preemption argument.")). The F-35A Court reiterated that "although 'the federal government has not pervasively occupied the field of land-use regulations relating to aviation,' any attempt to regulate air safety or aircraft noise is preempted by federal law." Id. (quoting In re Commercial Airfield, 170 Vt. 595, 597 (2000) (mem.)).

Thus, the law is clear. Zoning regulations are partially preempted by the FAA in the area of noise and flight operations. The Clarks have not identified any accessory use criteria within the Lincoln Zoning Regulations (Regulations) directly within the scope of the preempted topics. See Appellants' Motion at 5. As such, no specific provision of the accessory use criteria is specifically preempted. Furthermore, the Court will not apply any provision of the accessory use criteria as to indirectly implicate a preempted topic.

Conditional use criteria are partially preempted by the FAA to the extent that they regulate aircraft noise and flight operations. These preempted criteria include Regulation § 736(8), which requires an applicant to demonstrate that their project will not result in excessive noise, and Regulation § 733(5), which requires an application to include "a description of the

hours of operation and a plan demonstrating measures the applicant proposes to take to mitigate any impacts (noise, dust, odor, etc) the proposed use may have on surrounding properties." Thus, because these provisions directly implicate a preempted topic, they are preempted. The remainder of these provisions which do not address preempted topics remain before the Court.[2]

Lastly, the conditional use criteria that do not facially address aircraft noise or flight operations are not preempted by federal law. These include Regulations § 735(1) through (5) and Regulations § 736, § 736(1) through (7), (9) through (16). Thus, these provisions of the regulations are not preempted by federal law. The Court will not apply them as proxies to regulate a preemptive topic.

For the reasons set forth herein, Accessory Use Question 5 is answered in the affirmative. Conditional Use Question 8 is answered in the affirmative with respect to partial preemption of the conditional use criteria and in the negative with respect to total preemption thereof.

Electronically signed this 18th day of October 2023 pursuant to V.R.E.F. 9(D)

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division

---

[2] We further note that, should there be non-aircraft noise associated with the Project, the Clarks have presented no legal authority for the Court to conclude regulation of such noise would be preempted.