**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-127



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2024

Robert Lafayette\* v. Blueprint Basketball et al.    }    APPEALED FROM:

}

}    Superior Court, Chittenden Unit,

}    Civil Division

}    CASE NO. 23-CV-05000

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff filed a pro se complaint claiming that defendants—two youth basketball organizations and several associated individuals—engaged in anticompetitive conduct and unfair and deceptive acts or practices in violation of the Vermont Consumer Protection Act (VCPA), 9 V.S.A. §§ 2451-2493.[*]  The civil division granted defendants' motions to dismiss, and plaintiff appealed.  We affirm.

The complaint included the following factual allegations.  Defendant Blueprint Basketball uses the slogan "Skills Over Politics."  This motto was "integral" to plaintiff's decision to enroll his minor son in Blueprint's youth basketball program.  However, Blueprint and several associated individual defendants banned plaintiff's son from the program after plaintiff criticized them by email.  Plaintiff's son was subsequently accepted into defendant VT Elite's youth basketball program.  However, an unspecified group of defendants cooperated in issuing an "alert" warning other teams not to accept plaintiff's son due to plaintiff's behavior.  As a result, VT Elite rescinded its acceptance.  Plaintiff contended that use of the motto "Skills Over Politics" was deceptive given defendants' alleged conduct, which also demonstrated "blatant disregard" for the "fair competition" the VCPA is intended to protect and caused plaintiff and his family to incur damages.

Defendants moved to dismiss, arguing, among other things, that plaintiff failed to state a cognizable claim under the VCPA.  The civil division issued a written order granting defendants' motions on multiple grounds.  The court expressly disregarded supplemental factual assertions

---

[*]  Plaintiff also asserted that defendants violated the "Vermont Consumer Fraud Act."  Because "[t]he Legislature changed the name of the statute from the Consumer Fraud Act to the Consumer Protection Act in 2012," we construe the complaint's references to the Consumer Fraud Act as additional references to the VCPA.  Rodrigue v. Illuzzi, 2022 VT 9, ¶ 32 n.7, 216 Vt. 308 (citing 2011, No. 109 (Adj. Sess.)).

plaintiff made in legal memoranda filed in opposition to defendants' motions and concluded that the complaint failed to state a claim under the VCPA because plaintiff: (1) did not allege facts sufficient to support the conclusion that he was a "consumer" within the meaning of the VCPA, see 9 V.S.A. § 2451a(1); (2) asserted claims arising from unfair methods of competition within athletic programs, while the VCPA regulates "unfair methods of competition in commerce," see id. § 2453(a) (emphasis added); and (3) did not allege actual damages. The court also noted that all harms asserted in the complaint were to plaintiff's son—who was not a named plaintiff—and that plaintiff could not bring a claim on behalf of his minor child without an attorney. On appeal, plaintiff challenges each of these determinations.

This Court reviews a decision on a motion to dismiss de novo, applying the same standard as the trial court. Birchwood Land Co., Inc. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. Motions to dismiss for failure to state a claim "serve[] to identify an insufficient cause of action . . . where essential elements are not alleged," Colby v. Umbrella, Inc., 2008 VT 20, ¶ 14, 184 Vt. 1, and may be granted only if "it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief," Dernier v. Mortgage Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113 (quotation omitted). In conducting this analysis, "[w]e assume that all factual allegations pleaded in the complaint are true," and afford plaintiff the benefit of any "reasonable inferences." Dernier, 2013 VT 96, ¶ 23 (quotation omitted).

The VCPA prohibits "unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce." 9 V.S.A. § 2453(a). Under § 2461(b) of the statute, "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices . . . or who sustains damages or injury" resulting from the same "may sue and recover from the seller, solicitor, or other violator." See Mansfield v. Heilmann, Ekman, Cooley & Gagnon, Inc., 2023 VT 47, ¶ 32 (explaining that to sustain consumer-protection claim, plaintiff must "demonstrate the prerequisites to a private action under 9 V.S.A. § 2461(b)"). Thus, to maintain a claim under this provision, "a plaintiff must establish," among other things, "that they are a consumer." Messier v. Bushman, 2018 VT 93, ¶ 24, 208 Vt. 261. "Consumer" is defined to include "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services . . . for the person's use or benefit or the use or benefit of a member of the person's household." 9 V.S.A. § 2451a(1).

Plaintiff contends that the court erred in adopting an overly restrictive interpretation of the term "consumer." We do not reach the particulars of plaintiff's argument or address the case law on which it rests because it is fundamentally misdirected. The court did not hold that parents who purchase, contract for, or otherwise agree to pay consideration in exchange for their child's involvement in a youth sports program can never be "consumers" within the meaning of § 2451a(1). Rather, it concluded that plaintiff's complaint failed to allege facts bringing him within the ambit of the statutory definition. We reach the same conclusion. The complaint did not assert that plaintiff "purchase[d], lease[d], contract[ed] for, or otherwise agree[d] to pay consideration" for goods or services from any defendant. See id. Nor does plaintiff identify any portion of the complaint which might support a reasonable inference to this effect. See Dernier, 2013 VT 96, ¶ 23.

The supplemental factual assertions plaintiff included in his memoranda below and briefing on appeal can play no role in this analysis. A motion to dismiss tests the sufficiency of a complaint, and "[t]he question on review is whether the bare allegations of the complaint are sufficient to state a claim." Kaplan v. Morgan Stanley & Co., Inc., 2009 VT 78, ¶ 7, 186 Vt. 605 (mem.); see also V.R.C.P. 12(b) (contemplating that "matters outside the pleading," if presented,

may be "excluded by the court" in ruling on 12(b)(6) motion); Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining that on appeal, we cannot consider facts not in trial court record). Though the pleading rules "do not require a specific and detailed statement of the facts which constitute a cause of action," they do call for "a statement clear enough to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Reporter's Notes—V.R.C.P. 8 (quotation omitted) (emphasis added). "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted). Plaintiff's complaint did not allege facts sufficient to support the reasonable inference that he was a "consumer" within the meaning of § 2451a(1). As a result, it necessarily failed to state a consumer-protection claim under § 2461(b). See Messier, 2018 VT 93, ¶ 24.

Because a private plaintiff need not meet the statutory definition of "consumer" to challenge anticompetitive conduct under the VCPA, this does not end our inquiry. Section 2465 provides that "[a]ny person who sustains damages or injury as a result of any violation of State antitrust laws, including section 2453 of this title, may sue and recover from the violator." 9 V.S.A. § 2465(a); see Elkins v. Microsoft Corp., 174 Vt. 328, 329, 341 (2002) (noting that § 2465 expressly authorizes private plaintiffs to bring "unfair competition case"). However, we also agree with the trial court's conclusion that plaintiff failed to plead "[u]nfair methods of competition in commerce." 9 V.S.A. § 2453 (emphasis added). Plaintiff instead directed his complaint at unfair methods of competition within youth athletic programs—conduct beyond the scope of the VCPA.

Plaintiff's argument that the trial court adopted an unduly narrow interpretation of the term "competition in commerce" is unavailing for the same fundamental reasons enumerated above regarding his challenge to the court's interpretation of the term "consumer." Again, we do not reach the finer points of plaintiff's contentions because they rest on the mistaken premise that the trial court concluded youth sports organizations operate outside of a competitive commercial framework. Instead, the court essentially held that plaintiff's complaint did not allege unfair competition within the scope of any such framework. Indeed, in his pleading, plaintiff sought to use the VCPA to "uphold[] the pillars of fair play and an even playing field in youth sports." He did not allege any of the various forms of "unfair competition in commerce" prohibited by the statute, such as predatory pricing, price-fixing, or monopolization. See, e.g., Franklin Cnty. Sheriff's Off. v. St. Albans City Police Dep't, 2012 VT 62, ¶ 17, 192 Vt. 188 ("The [VCPA] prohibits engaging in predatory pricing because it is an unfair method of competition in commerce."); Wright v. Honeywell Int'l, Inc., 2009 VT 123, ¶ 26, 187 Vt. 123 (reversing denial of class certification in case alleging antitrust violation under VCPA resulting in monopolistic overcharges passed on to end users of defendant's product); State v. Heritage Realty of Vt., 137 Vt. 425, 429 (1979) (explaining that "[a]n agreement among competitors to fix prices" violates VCPA). For the same reasons discussed above, his post hoc factual assertions are irrelevant to the sufficiency of his complaint. See Kaplan, 2009 VT 78, ¶ 7. Because the anticompetitive conduct alleged in that complaint was not anticompetitive conduct "in commerce," plaintiff also failed to state a claim under § 2465(a) of the VCPA.

Plaintiff's complaint was appropriately dismissed because it did not allege essential elements necessary to sustain the unfair-competition and consumer-protection claims he sought to raise under the VCPA. Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 11, 209 Vt. 514 (noting that where "the plaintiff does not allege a legally cognizable claim, dismissal is appropriate"). We therefore need not reach plaintiff's challenges to the trial court's conclusions regarding damages or his ability to bring a claim on behalf of his minor son without an attorney.

3

We also do not consider plaintiff's arguments regarding the conduct of the trial judge because they were raised for the first time in his reply briefs. See Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 2 n.2, 176 Vt. 356 ("We need not consider an argument raised for the first time in a reply brief.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice